## JOHN D. AMIS, PLAINTIFF IN ERROR, *v.* NATHAN SMITH, DEFENDANT IN ERROR.

Mississippi. Action on a promissory note against sundry persons surviving partners of the unincorporated Real Estate Bank of Columbus, Mississippi, founded on their certificate of deposit. All the defendants, except Wright, joined in the plea of non-assumpsit. Wright afterwards pleaded non-assumpsit, separately. At the trial, all the defendants except Wright withdrew their plea, and permitted judgment to go by default against them, and the plaintiff then discontinued the suit against Wright. Execution was issued, and was levied on the property of Amis, who gave to the marshal a forthcoming bond with security, and the bond being forfeited, it was so returned by the marshal, which, by the statute of Mississippi, gives the bond the force and effect of a judgment against the obligor and his surety. At the succeeding term, Amis moved the Court to quash the bond, which motion was overruled. The plaintiff in error claimed, 1. That the Circuit Court erred in permitting the plaintiff below to discontinue the suit against Wright, and in rendering judgment against the other defendants. 2. The fieri facias was illegal, because it included interest, not authorized by the judgment. 3. The overruling the motion to quash the forthcoming bond was a final judgment, which ought to be reversed.

If the contract be joint and several, and the defendants sever in their pleas, whatever may have been the doubts and conflicting opinions of former times, as to the effect of a nolle prosequi in such a case, it has never been held that a simple discontinuance of a suit amounts to a retraxit; or that it in any manner worked a bar to the repetition of the plaintiff's action.

By a statute of Mississippi, all promises, contracts, and liabilities of copartners, are to be deemed and adjudged joint and several; and in all suits on contracts in writing made by two or more persons, it is lawful to declare against any one or more of them. This is such a severance of the contract, as puts it in the power of the plaintiff to hold any portion of them jointly, and the others severally bound by the contract; and there is no obligation on the part of the plaintiff to put the defendants in such condition, by their pleadings, as to compel each to contribute his portion for the benefit of the others. Cited, Minor and others *v.* The Mechanic's Bank of Alexandria, 1 Peters, 46.

On a joint and several bond suit must be brought against all the obligors jointly, or against each one severally, because each is liable for the whole; but a joint suit cannot be maintained against a part, omitting the rest. Whatever may be the defects, or illegality of the final process, no error can be assigned in the Supreme Court on a writ of error for that cause. The remedy, according to the modern practice, is by motion in the Court below to quash the execution. If the question of the right to include the interest on the judgment in the execution were properly before the Court, no reason could be seen why interest in a judgment, which is secured by positive law, is not as much a part of the judgment as if expressed in it.

The provisions of the third section of the act of Congress of 19th May, 1828, adopted the forthcoming bond in Mississippi, as a part of the final process of that state at the time of the passage of the act. "A final process" is understood by the Court to be all

[Amis *v.* Smith.]

the writs of execution then in use in the State Courts of Mississippi, which were properly applicable to the Courts of the United States; and the phrase, " the proceedings thereupon," are understood to mean the exercise of all the duties of the ministerial officers of the state, prescribed by the laws of the state for the purpose of obtaining the fruits of judgments—among those are the provisions of the laws relating to forthcoming bonds, which must be regarded as part of the final process.

The proceeding which produced the forthcoming bond, was purely ministerial; the judicial mind was in no way employed in its production. It does not then possess the attributes of a judgment; and ought therefore to be treated in this Court as final process, or, at least, as part of the final process.

As far as the decisions of the State Courts of Mississippi settle rules of property, they will be properly respected by the Supreme Court. But when the effect of a state decision is only to regulate the practice of Courts, and to determine what shall be a judgment, the Supreme Court cannot consider themselves bound by such decisions, upon the ground that the laws upon which they are made are local in their character.

It is the duty of the Supreme Court to preserve the supremacy of the laws of the United States, which they cannot do without disregarding all state laws, and state decisions which conflict with the laws of the United States.

No rule, under the third section of the act of 1828 which authorizes the Courts of the United States to alter final process, so far as to conform it to any changes which may be adopted by state legislation and state adjudications, made by a District Judge, will be recognised by the Supreme Court as binding, except those made by the District Courts, exercising Circuit Court powers.

The statute of Mississippi, taking away the right to a writ of error in the case of a forthcoming bond forfeited, can have no influence whatever in regulating writs of error to the Circuit Courts of the United States. A rule of Court, adopting the statute as a rule of practice, would, therefore, be void.

Regarding the forthcoming bond as part of the process of execution, a refusal to quash the bond is not a judgment of the Court, and much less a final judgment; and therefore no writ of error lies in such a case.

IN error to the District Court of the United States for the northern district of Mississippi.

In an action on a certificate of deposit, instituted on the 7th of November, 1839, by the defendant in error, Nathan Smith, in the District Court of the United States for the northern district of Mississippi, against the plaintiff in error, with others, who were the surviving partners in the Real Estate Bank of Columbus, Mississippi; the plaintiff obtained a judgment by default against all the defendants except Daniel W. Wright, who had been sued with them as one of the partners. All the defendants except Wright, had entered a plea of non-assumpsit, which they afterwards at the trial withdrew; on which a judgment was entered

by nil dicit for two thousand five hundred and eighty-four dollars and seventy cents. Wright pleaded non-assumpsit separately; and the plaintiff then discontinued the suit against Wright.

The plaintiff issued an execution, which was levied on personal property belonging to John D. Amis, who thereupon executed a forthcoming bond, with Samuel F. Butterworth as security; which bond being duly forfeited, operated, under the laws of Mississippi, as a judgment against the obligors in the bond, on which execution may be issued forthwith.

On the 14th December, 1840, John D. Amis, and Samuel Butterworth, moved the Court to quash the forthcoming bond. 1. Because it increases the costs, not warranted by law, the execution having included interest on the judgment. 2. That there is no authority for taking the said bond, or any such bond; and the bond creates a judgment against the obligors, and precludes them from a defence, and a trial by jury secured by the Constitution of the United States.

The Court overruled the motion, and the defendant, John D. Amis, prosecuted this writ of error.

The case was argued by Mr. Key, for the plaintiff in error; and by Mr. Walker, for the defendant.

Mr. Key contended, 1. That there was error in the proceedings of the District Court in allowing a discontinuance as to Daniel W. Wright, one of the defendants, and entering a judgment against the other defendants.

2. There was error in the Court having refused to quash the forthcoming bond given by John D. Amis and Samuel Butterworth. The fieri facias which had been issued on the judgment, was not warranted by the judgment, because it included interest, which was not given by the judgment. The execution was illegal, and the bond given after it had issued, was void.

3. Refusing to quash the bond, and leaving it in force as forfeited, was a final judgment on which a writ of error will lie.

What does the record bring up for revision? The whole case; the original judgment: this is so from the nature of the proceeding. The forfeited bond is a proceeding by statute: it is made a statutory judgment. It must, therefore, conform to the

2 c 2  39

statute, and to do so, it must be founded on a lawful execution, and a valid judgment. Take away that judgment, the foundation, and all the rest falls. This is settled in 7 Cranch, 288; 5 Howard's Rep. 191, 192, 194, 195. Hence it is that the act of the legislature, of 1837, was necessary. Without that act the original judgment could have been taken up to a Court of Error, and reversed; and that reversal would have put an end to the proceedings under it. Bank of the United States v. Patton, 5 Howard, 223; 1 Howard, 98.

2. And then the question arises as to the effect of the act of 1837, in the Courts of the United States. How can any legislation in Mississippi affect or limit the jurisdiction of the Courts of the United States? Suppose the legislature of Mississippi had said there should be no appeal in any case, or, as in the Digest, 538, without a certificate of the appellate Court; that could not affect the jurisdiction of the Courts of the United States, or take away from a suitor in these Courts rights expressly conferred by the laws of the United States. It would defeat the object of the Constitution in giving jurisdiction to the Courts of the United States.

3. The original judgment, is, then, here for revision, as in the case in 7 Cranch, 202. How far is it examinable? For what errors is it responsible? Upon this point Mr. Key cited 7 Cranch, 202; 1 Peters, 46.

4. It is then, upon authority, error for which judgment can be arrested, as is said by Judge Washington, in 7 Cranch, 202; and if so, it is revisable. That case is decisive; for it adjudges that the plaintiff must proceed as far as the law allows against all the defendants, even when all were not taken; à fortiori, where they were taken, and when the other defendants had a right to expect the plaintiff would go on against all.

This is the law, unless there is something in the laws of Mississippi which operates in a Court of the United States, and allows a discontinuance.

The law of Mississippi allows contracts to be sued upon either as joint or several. This should not extend beyond the actual provisions of the statute to authorize suits to be so brought on such contracts. 3 Howard, 83. But when the suit is brought, and the parties are before the Court, then it is altogether another

[Amis v. Smith.]

question whether you can discontinue as to any of the defendants. Cited, Digest of the Laws of Mississippi, 595, 596; 2 Howard, 870; 5 Howard, 411, 412; 3 Howard, 78; 4 Howard, 364, 369, 377.

Mr. Walker, for the defendant in error, made the following points:

That the severance in the pleading was discretionary with the Court below, as every other interlocutory incidental order preceding the judgment, and furnished no ground to reverse the judgment for error. After a severance in the pleadings by the defendants, a discontinuance as to any one of them is not irregular. In this case the severance was by consent, and so was the discontinuance as to that party, and simultaneous with this, and in the same order was the withdrawal of the plea by the other defendants, and the judgment by default final against them. By this withdrawal, after the severance, these defendants, by implication of law and in fact consented to the separate judgment against them. A judgment thus given, has in law the same effect as a judgment confessed, so as to release all errors; and especially where no objection was made in the Court below. 3 Stewart and Porter, 269; 6 Porter, 352, 358; 2 Stewart, 13; 1 Peters, 165. The compulsory non pros. of the English practice entered by the Court upon the motion of the defendant against the plaintiff, does not prevail in this country. Such a non pros. which puts the whole case out of Court, is entirely unlike the discontinuance under our practice; which in this case is a mere partial forbearance for the present to proceed further in the suit against one of the defendants, and leaves the case in Court to proceed regularly against the other defendants. Note to Powell v. White, Douglass, 169; 1 Peters, 46, 74, 469; 5 Peters, 476; 6 Peters, 598; 3 Howard, 598. This discontinuance as to one defendant may be taken, even where both plead separately to the merits. 1 Peters, 46; 5 Johns. 160; 20 Johns. 126; 1 Pick. 500. Even at common law a plaintiff might always discontinue as to one defendant, where the cause of action was joint and several in its nature, or where one or more might be sued separately. Note to Parker v. Laurence, Hobart, (ed. of 1829,) 177. By the statutes of Mississippi, this contract is made joint and several,

and a separate suit authorized against any one or more of the defendants. Howard and Hutchinson's Digest, Laws of Mississippi, 578, 594. Under these statutes, the right to discontinue in such cases is expressly recognised by the decisions of the Courts of the state. 2 Howard, 870; 4 Howard, 377. If this discontinuance had been erroneous, it is cured after verdict by our statute of jeofails; and a judgment by nil dicit is placed on the same footing. Howard and Hutchinson, 591; 2 Howard, 834, 902, 934.

As to the interest, it is allowable on judgments even at common law. 3 Anstruther, 804; 1 Har. and Johns. 755. In Mississippi, this interest is given by statute o the judgment, and the execution is required to embrace the interest. Turner's Digest, 313; Howard and Hutchinson, 375, 616, 622, 623, 626, 627, 628, 653; 3 Howard, 184; 4 Howard, 377. Even if there had been error in the original judgment, that error is released by the new judgment on the forthcoming bond. Howard and Hutchinson, 541; 4 Howard, 9. The new judgment is an extinguishment of the judgment on which the bond was given, and the bond operates as an estoppel at law, as to any error in the original judgment. The bond is a waiver of any error in the original judgment, and operates as a judgment by consent or confession. 2 Call. 507; 6 Call. 1; 8 Pick. 386; 3 Cond. Rep. 244, 248, 249. The Court cannot go beyond the execution which is recited in the bond, and not the judgment preceding the execution; and the bond admits the interest to be due, and is conclusive. If the execution had been erroneous, it should have been superseded; but on the contrary, the validity of the execution is admitted by the bond, and by the judgment which is founded upon it. 5 Howard, 566, 573, 574. If the interest was erroneously admitted to be added to the original judgment, it is a mere clerical error which is cured by the bond and new judgment upon it. 5 Howard, 200; 1 Howard, 98. The error alleged here as to the interest, is at most equivalent to a motion in the Court below to open the judgment on the bond. And on what ground? Because it included interest alleged to be omitted to be calculated in the original judgment. But if this omission were made, it was a mere clerical error, the interest it is conceded is due by the law; it is included in the bond, signed by the defendant, and admitted thereby to be

due the plaintiff, and on that bond the judgment is entered; and why should the judgment be opened when it is for no greater sum than in law and justice was due the plaintiff?

The bond is constitutional. 4 Howard, 363; 5 Howard, 434, 456; 4 Condensed Reports, 439, 442.

The forthcoming bond law of the state applies to judgments in the Courts of the United States. 1 Cranch, 299. If it be adopted in part, must not all its provisions be adopted, and also the construction given by the State Courts to their local statutes? By these statutes, the original judgment is extinguished by the bond and forfeiture; and it is further specially provided, that no writ of error can be prosecuted as regards the original judgment, after the forfeiture of the bond. It is said this provision cannot apply here, because the writ of error is given by act of Congress. There might be force in this argument if a motion were now pending to dismiss the writ of error for want of jurisdiction. No such motion is made, but it is insisted that after a judgment the defendant has his choice either to arrest the judgment for error, or to waive that right and release all errors, as in case of a judgment by confession, by giving the bond; and that such bond is a voluntary waiver of all such errors, and that this waiver must be upheld by this Court.

As to the last error assigned, it has been expressly decided by the Courts of Mississippi, that the bond may be given by one co-defendant. 5 Howard, 480, 483.

Mr. Justice M'KINLEY delivered the opinion of the Court.

This is a writ of error to the District Court of the United States for the southern district of Mississippi, exercising Circuit Court powers.

Smith brought an action of assumpsit against Amis and others, surviving partners of the Real Estate Banking Company, of Columbus, Mississippi, founded upon their certificate of deposit. All the defendants joined in a plea of non-assumpsit; and Wright, one of them, afterwards pleaded the same plea separately. At the trial, all the defendants, except Wright, withdrew their plea, and permitted judgment to go against them by nil dicit, for the sum of two thousand five hundred and eighty-four dollars and seventy-four cents; and the plaintiff then discontinued the suit

SUPREME COURT.

against Wright. Upon the judgment execution issued, and was levied, by the marshal, on the property of Amis, who, in conformity with a statute of Mississippi, entered into bond, with security, conditioned for the forthcoming of the property on the day fixed for its sale. Amis failed to deliver the property, according to the condition of the bond to the marshal, who thereupon made return that it was forfeited; which, by the statute, gave it the force and effect of a judgment. Howard and Hutchinson's Statute Laws of Mississippi, 653. Amis, at the next term, moved the Court to quash the bond, which motion was overruled, and thereupon he prosecuted this suit.

To remove the judgment, he relies on these grounds: First, The Court erred in permitting the plaintiff to discontinue the suit against Wright, and in rendering judgment against the other defendants. Secondly, The fieri facias was illegal, because it included interest not authorized by the judgment. Thirdly, Overruling the motion to quash the forthcoming bond was a final judgment by the Court, which ought to be reversed.

Whether a discontinuance o the suit can be entered against one of several defendants in a case arising on contract, depends upon the character of the contract, and the state of the pleadings between the parties. If the contract be joint and several, and the defendants sever in their pleas, whatever may have been the doubts and conflicting opinions of former times as to the effect of a nolle prosequi in such a case, it has never been held that a simple discontinuance of a suit amounted to a retraxit, or that it in any manner worked a bar to the repetition of the plaintiff's action.

By a statute of Mississippi, all promises, contracts, and liabilities of copartners, are to be deemed and adjudged joint and several. And in all suits founded on promises, agreements, or contracts in writing, by two or more persons as copartners, signed by one or more of them, or by any person as agent in their behalf, it shall be lawful to declare against any one or more of them, Howard and Hutchinson's Statute Laws of Mississippi, 595. This is such a severance of the contract as puts it in the power of the plaintiff to hold any portion of them jointly, and the others severally bound for the contract. And there is no obligation on his part to put them in such condition, by his pleadings, as to

compel each to contribute his portion for the benefit of the others. This reduces the inquiry to this simple question: Is the discontinuance, in this case, authorized by law?

In the case of Minor and others against the Mechanic's Bank of Alexandria, a suit was brought on the office-bonds of the cashier of the bank, against him and his sureties. The bond was joint and several, and the defendants pleaded jointly to the action; and, as in this case, the cashier afterwards pleaded severally, whereupon judgment was rendered against the sureties; and afterwards the plaintiff entered a nolle prosequi against the other defendant. This Court sustained this proceeding, and held that it did not affect the judgment against the sureties. 1 Peters, 46. That case, we think, is decisive of the first point made in this. On a joint and several bond, suit must be brought against all the obligors jointly, or against each one severally, because each is liable for the whole; but a joint suit cannot be maintained against a part, omitting the rest. There is, therefore, no analogy between the right of action and the right to enter a nolle prosequi against one, as was done in that case. In this case, the plaintiff had a legal right to sue any number of the joint and several promisors, and to omit the others; and, therefore, there is a perfect analogy between the right of action and the right to discontinue the action against one, after judgment against the others. Thus far, the propriety of this judgment is undoubted.

The second point involves a question not cognisable in this Court. Whatever may be the defects or illegality of the final process, no error can be assigned here for that cause. The remedy, according to modern practice, is by motion to the Court below to quash the execution. If, however, the question were properly before the Court we can see no good reason why interest upon a judgment, which is secured by positive law, is not as much a part of the judgment as if expressed in it. The legislature say, "All judgments shall bear interest at the rate of eight per cent." Can the judgment be satisfied without paying the interest? It is the practice in Mississippi, and several other states, to include no interest in the judgment, except what is then due; but to leave it to the collecting officer to calculate the amount of interest, according to law, when he settles with the defendant.

The remaining objection will now be examined. If an execu-
tion had issued upon the bond improperly, that might have been
quashed on motion of the defendant. This leads us to the consi-
deration of the grounds assumed by the counsel of the defendant.
By a statute of Mississippi, it is enacted that, " No writ of error
shall be granted in any case where a forthcoming bond shall have
been given and forfeited ." Howard and Hutchinson, Statute Laws
of Miss. 541 ; and the District Judge has, it is said, adopted this pro-
vision of the statute, by rule of Court. This being the local law
of Mississippi, it is contended that this Court is bound by it ; and
by the expositions given to it by the Supreme Court of that state ;
and many decisions of that Court have been referred to. In the
case of the Bank of the United States *v.* Patton, 5 How. Rep.
200, it is held that a forthcoming bond forfeited is an extinguish-
ment of the original judgment, and that a writ of error will not
lie to it ; and the same doctrine was held in Sanders and others
*v.* M'Dowell, 4 How. Rep. 9.

If these doctrines are to prevail, the act of Congress, authorizing
a writ of error on final judgment, would become a dead letter
and the laws of Mississippi on this subject become the supreme
law in that state. If the forthcoming bond is applicable at all
to the proceedings of the Courts of the United States, it must be
in the character of final process.

By the third section of the act of Congress of the 19th of May,
1828, it is enacted, " That writs of execution, and other final pro-
cess issued on judgments and decrees, rendered in any of the
Courts of the United States, and the proceedings thereupon, shall
be the same, except their style, in each state respectively, as are
now used in the Courts of such state, saving to the Courts of the
United States in the states in which there are not Courts of
Equity with the ordinary equity jurisdiction, the power of pre-
scribing the mode of executing their decrees in equity by rules
of Court : Provided, however, that it shall be in the power of the
Courts, if they see fit, in their discretion, by rules of Court, so far
to alter final process in said Courts, as to conform the same to
any change that may be adopted by the legislature of the several
states, for the State Courts." 4 Story's Laws United States, 2121.

We think this section of the act of 1828, adopted the forth-
coming bond in Mississippi, as part of the final process of that

state, at the passage of the act. And we understand by the phrase, "final process," all the writs of execution then in use in the State Courts of Mississippi, which were properly applicable to the Courts of the United States; and we understand by the phrase "the proceedings thereupon" to mean, the exercise of all the duties of the ministerial officers of the states, prescribed by the laws of the state, for the purpose of obtaining the fruits of judgments. And among these duties is to be found one, prescribed to the sheriff, directing him to restore personal property levied on, by him, to the defendant, upon his executing a forthcoming bond according to law, and the further duty to return it to the Court, forfeited, if the defendant fail to deliver the property, on the day of sale, according to the condition of the bond. These are certainly proceedings upon an execution; and, therefore, the forthcoming bond must be regarded as part of the final process. It aids materially in securing the payment of the money to satisfy the judgment; and it is part of the process by which the plaintiff is enabled to obtain the payment of the money secured to him by the judgment.

But is this forthcoming bond a judgment as well as process? The statute declares that it shall have the force and effect of a judgment, simply, that an execution may issue upon it against the surety as well as the principal, and for all the costs incurred after the judgment. The same effect would have been produced, if the statute had directed execution to issue upon the forthcoming bond, without giving it the force and effect of a judgment. The proceeding which produced this bond was purely ministerial; the judicial mind was, in no way, employed in its production. It does not then possess the attributes of a judgment, and ought, therefore, to be treated in this Court as final process, or, at least, as part of the final process. With all due respect for the judicial decisions of State Courts, we cannot concede to those of Mississippi all that is claimed for them in this case. As far as they settle rules of property, they will be properly respected by this Court. But when the effect of a state decision is only to regulate the practice of Courts, and to determine what shall be a judgment, and the legal effect of that, or any other judgment, this Court cannot consider themselves bound by such decisions, upon the ground that the laws upon which they are made are local in their cha-

racter. It is the duty of this Court, by their decisions, to preserve the supremacy of the laws of the United States, which they cannot do without disregarding all state laws and state decisions which conflict with the laws of the United States.

In exercising the power conferred upon th Circuit Courts of the United States, by the third section of the act of 1828, authorizing them to alter final process, so far as to conform it to any change which may be adopted by the legislatures of the respective states, for the State Courts; there is the same danger to be apprehended as from state legislation, and state adjudications on the same subject. And therefore no rule ought to be made without the concurrence of the Circuit Judge. No rule made by a District Judge will therefore be recognised by this Court as binding, except those made by District Courts exercising Circuit Court powers. The statute of Mississippi taking away the right to a writ of error, in the case of a forthcoming bond forfeited, can have no influence whatever in regulating writs of error to the Circuit Courts of the United States; a rule of Court adopting the statute as a rule of practice would, therefore, be void.

Regarding the forthcoming bond as part of the process of execution, a refusal to quash the bond is not a judgment of the Court, and much less is it a final judgment; and, therefore, no writ of error lies in such a case. 6 Peters, 648. But, in this case, the writ of error is not to the supposed judgment, in refusing to quash the forthcoming bond, but to the principal judgment. It has been sued out and prosecuted by one of several joint defendants; and without asking that the other defendants should be summoned and served; the defendant in error has, however, appeared and defended the suit, and thereby waived the irregularity. But one error has been assigned to the judgment of the Court, the other two apply to the final process. The judgment of the Court below must therefore be affirmed for the reasons here stated.