NicholsoN, C. J.,
delivered the opinion of the Court.
An execution issued from the Circuit Court of the United Slates at Knoxville, and was levied on the only horse of plaintiff. The horse was sold, and bought at the sale, by defendant. Plaintiff sued defendant in re-plevin for the horse, claiming him as being exempt from execution. The Circuit Judge held that the horse was not exempt from an execution issuing from the Circuit Court of the United States, although he was exempt under the laws of the State. From the judgment in favor of defendant below, plaintiff appeals in error to this Court.
To determine the question raised in this cause, we must ascertain whether there is any statute of Congress or any rule of the Federal Court, under which the horse levied on was exempt from the executions issuing from the Federal Courts. Of course, the exemption laws of the State can not govern the case, unless they have been *516 adopted by Act of Congress or some rule of the Federal Courts made in pursuance of law.
The Act of 1789; s. 34, 1 Stat., 81, provides, that “the laws of the several States, except where the Constitution, treaties or statutes of the United States, shall otherwise require or provide, shall be regarded as rules of decision in trials at common law in the Courts of the United States, in cases where they apply.” In Wayman v. Southard, 10 Wheat., 1, it was observed by the Court, that the laws of the several States were, by the Judiciary Act of 1789, s. 34, to be regarded as rules of decision in trials at common law, in cases where they apply, unless the Constitution, treaties or statutes of the United States, had otherwise provided. This, however, did not apply to the practice of the Federal Courts. As ,to that, the laws of the States were no rule of decision; ;'and the direction was intended only as a legislative recognition of -the principles of universal jurisprudence as to the operation of the lex loei in the trial and decision of causes. It relates to the rules for framing, not for executing, the judgment. It has nothing to do with the proceedings after payment; it means only that the judgment shall be rendered according to the laws of the State. See Kent’s Com., Vol. 1, 394; Brightly’s Dig., 792, note K. The question before us is, therefore, not governed by the Act ■of 1789, s. 34.
By .the process Act of 1792, s. 1, as amended by the Aet of 1828, s. 3, it is provided, that “writs of execution and other final process,' issued on judgment and decrees rendered in any of the courts of the United States, and the proceedings thereon, shall be the same, except *517 their style, in each State respectively as are now used in the courts of each State, &c,; 'provided, it shall be in the discretion of the Federal Courts, by rules of court, so far to alter final process in said courts, as to conform the same to any charge- which may be adopted by the Legislatures of the respective States for the State Courts.”
This Act of Congress applies in its very terms only to State laws then existing. Catherwood v. Gossett, 2 Curt., C. C., 94. It adopts as part of the proceedings on executions, the rights secured by the then existing laws of the State, to one imprisoned, to have the privilege of the jail limits. United States v. Knight, 14 Pet., 301. And the forthcoming bond in Mississippi is part of the proceedings upon the final process hereby adopted. Amis v. Smith, 16 Pet., 303. Upon the same mode of construing the Act of 1828, as to proceedings on final process, the proceedings in the courts of Tennessee, at that time, upon final process from the courts of the State, were, by that Act of Congress, adopted; and as final process could, at that time, under the laws of Tennessee, be levied on the only horse of a debtor, and no subsequent Act of Congress having been passed, and no rule of the Federal Court to the contrary having been adopted, it follows that the levy of the execution in the case before us was legal, and that the purchaser at the Marshal’s sale got a good title.
The judgment, therefore, is affirmed.