UNITED STATES *v.* HANSON.

*(Circuit Court, D. Maine.* July 10, 1886.)

JURY — GRAND JURORS — RULE BY DISTRICT JUDGE ORDERING NAMES TO BE DRAWN — ACT OF 1879.

By the terms of the act of June 30, 1879, *c.* 52, § 2, "any judge" is authorized to order the names of jurors to be drawn from the boxes used by the state authorities.

On February 22, 1886, the defendant was arrested, and brought before a commissioner of this court, on a complaint charging him with making a false return to the post-office department, and, by order of the commissioner, entered into a recognizance to appear at April term,

1886, of this court, to answer to any indictment which should be then found against him for the offense alleged in the complaint. At that term, on the day on which the grand jury were summoned to attend, and before they were sworn, and again after they were sworn, and before they were charged by the court, he presented a challenge in writing to the array of the grand jury, because all the grand jurors had been drawn and summoned and returned as stated in the first four pleas in abatement, as in *U. S.* v. *Richardson, ante,* 61. To this challenge the district attorney demurred *ore tenus.*

*Wilbur F. Lunt* and *Dennis A. Meaher,* for defendant.

*George E. Bird,* Dist. Atty., for the United States.

GRAY, Justice. The opinion in *U. S.* v. *Richardson, ante,* 61, just decided, disposes of all the questions in this case except one. The order of the circuit court of January 18, 1884, in the same terms as the order of the district court of the same date, set forth in that opinion, is signed by the district judge only; and it is contended, on the authority of *Amis* v. *Smith,* 16 Pet. 303, that a rule of the circuit court, made by the district judge alone, is of no validity. It is a sufficient answer to this objection that, by the terms of the act of June 30, 1879, *c.* 52, § 2, "any judge" is authorized to order the names of jurors to be drawn from the boxes used by the state authorities.

Challenge adjudged bad.