Battle, J.
 

 Two objections were taken to the recovery of the lessor of the plaintiff, on the trial of this case in the Court below. The first was, that the writ of execution, under which the lot of land in question was sold, did not correspond swith the judgment, and could not therefore he supported by it.- From the transcript of the record, it appears that Alexander Johnson recovered a judgment bearing date the 33d day of December, 1S40, against the defendant, Rebecca McLeod for the sum of forty dollars and twenty cents and costs, upon which an execution issued, which, for want of goods and chattels, was levied on the lot of land now sued for, and due return thereof was 'jmade to the then ensuing term of the County Court. At that term, the judgment of the justice was “ affirmed for forty dollars and twenty cents," and costs, and an order was made, that a writ of
 
 venditioni exponas
 
 should isue for the sale of the land levied upon. The writ of
 
 vendi. expo,
 
 was issued accordingly, but in it the sheriff, was commanded to make the amount of the said judgment •“ with interest from the 33d day of December 1840, until
 
 *223
 
 paid” and costs. It was contended that the execution did not pursue the judgment, because it ordered the collection of interest, with regard to which, the judgment and justice’s execution were silent. We think that the objection is well founded. At common law, a judgment did not carry interest, when an execution, or a
 
 scire facias
 
 to revive it, was issued upon it. But if a new action were brought upon the judgment, then interest was allowed.
 
 Anonymous, 2
 
 Hay. Rep. 26.
 
 Deloach
 
 v.
 
 Work,
 
 3 Hawks Rep. 36. The Act of 1807 (1 Rev. St. ch. 31, sec. 95,) was passed for the purpose of amending the law in this respect. It provides, that “ in all actions brought to recover money due by contract, except on penal bonds,” the jury shall distinguish by their verdict what is due as principal money from what is due as interest, and that judgment shall be rendered thereon that the sum due as principal money, shall carry interest until paid. Whether this applies to actions brought by warrant before a single justice, where there is'no jury, or whether a fair interpretation of the “ Act concerning the power and jurisdiction of Justices of the Peace,” (1 Rev. Stat. ch. 62.) confers a similar power in such cases upon a single justice, it is unnecessary for us to decide. It is clear that an execution cannot require the collection of interest, when the judgment, upon which it is issued, does not give it. The writ of
 
 vend. expo,
 
 then, in this case varies from the judgment in this particular; and it being incumbent upon a purchaser, claiming under a sheriff's sale, to produce, besides the sheriff’s deed, a judgment and an execution corresponding therewith, the title of the plaintiff’s lessor is defective.
 
 Dobson
 
 v.
 
 Murphey, 1
 
 Dev. and Bat. Rep. 586.
 
 Ingham
 
 v.
 
 Kirby, 2
 
 Dev. and Bat. Rep.
 
 21. Blanchard
 
 v.
 
 Blanchard 3
 
 Ire. Rep. 105.
 

 The second objection presents a question of more difficulty ; but, after much reflection, and after consulting all the authorities bearing upon the subject, to which we have
 
 *224
 
 been referred in the argument, or which we could ourselves find, we have been led to the conclusion that this is also fatal to the title of the lessor of the plaintiff. It is well established that at the common law, process should be isued
 
 to
 
 the coroner in all cases, where the sheriff is a party, either plaintiff or defendant; and that, if, in such cases, it be issued to the sheriff, it will be set aside as irregular, upon the application of the other party to the Court from which it was issued. 1
 
 Black. Com.
 
 349, 1
 
 Sir W. Black. Rep.
 
 506, 4
 
 Inst.
 
 271,
 
 Watson on Sheriffs
 
 37. Our legislature evidently proceeded upon the supposition, that such was the law, in passing the Acts of 1779 and 1821, (1 Rev. St. c. 25, s. 7, and c.
 
 31,
 
 s.
 
 59,)
 
 which provide for the execution of process in all cases, where there is no proper officer in any county, to whom it can, or ought to be directed.
 
 Anonymous,
 
 1 Hay. Rep. 423. But admitting that such is the law, and that, upon the application of the defendant in this case, the writ of
 
 vend. expo.
 
 would hare been sot aside, it has been contended before us, that the sale made by the sheriff was valid, and that, the plaintiff’s lessor acquired a good title by his purchase. We think that upon principle it ought not to be so, and upon authority, it is not so. Self-interest is so strong a principle of action, and its tendency to pervert the judgment, and improperly to control the conduct of all men, is so direct, so constant, and often-times so over-powering, that ihe law absolutely and totally prohibits a party to a suit from being a judge in his own case ; and, with a few exceptions, founded upon special reasons, he is equally prohibited from being a witness for himself. The danger of being drawn aside from the line of propriety, where the execution of process, whether mesne or final, is committed to a party, is nearly, if not equally, great. The law then should equally exclude him from acting in such a case; and this can be most effectually accomplished by holding the process, and every thing done under it, null and void. Wo accordingly find, that
 
 *225
 
 though there are some ancient cases to the contrary, it was adjudged in the 37th of Eliz. in
 
 Candish’s case,
 
 (cited in a note to
 
 Sir Ralph Rowlett’s case,
 
 Dyer 188, pla. 8.) that if a sheriff has a statute extended, and a
 
 liberate
 
 is directed to him, it is void. See also to the same effect,
 
 Elston
 
 v.
 
 Britt,
 
 Moore’s Rep. 547, and
 
 Viner’s Abr. Tit. Sheriff, Letter, p. sec. 5.
 

 We have been unable to find any case in the modern English reports, bearing directly upon this question ; and our search among the reports of the United States, and of the several States has been almost equally fruitless. The reason doubtless is, that such cases are of very rare occurrence. We have however found a case in the Kentucky reports, where it was decided that a deputy sheriff could not legally execute a
 
 fieri facias,
 
 which issued in his own name and for his own benefit; and that his levy under it upon a personal chattel was void.
 
 Chambers
 
 v.
 
 Thomas,
 
 1 Littell’s Rep.
 
 268.
 
 The assignment of all his interest in the judgment by the sheriff, before he sold the land in question, makes no difference. He still continued the legal owner of it; and his sale under the execution in his own name was therefore null and the purchaser acquired no title.
 
 May
 
 v.
 
 Walters, 2
 
 McCord’s Rep. 470.
 

 Per Curiam. Judgment affirmed.