MARTHA E. STUART, APPELLEE, V. HENRY BURCHAM ET AL.,
IMPLEADED WITH JACOB ROCKE, APPELLANT.

FILED JUNE 5, 1901.    No. 9,732.

Commissioner's opinion, Department No. 2.

1. Creditor's Bill: DECREE: INTEREST. Where the decree in a suit in
   the nature of a creditor's bill orders a defendant to pay a fund
   in his hands into court forthwith, interest is chargeable thereon
   as upon any other judgment, without an express direction to
   that effect in the decree.

2. Claimant Plaintiff: FUND IN HANDS OF DEFENDANT: DECREE: AP-
   PEAL: ESTOPPEL. A defendant in a suit to which all the claim-
   ants of a fund in his hands are parties, who, being ordered by
   the decree to pay the fund into court, excepts to such decree
   and participates in an appeal therefrom by one of the claimants,
   can not be heard to claim, after affirmance of the decree, that
   he was a mere stakeholder and therefore is not chargeable with
   interest.

3. Decree: EXECUTION. Execution is a proper process to enforce a
   decree directing a defendant to pay moneys in his hands into
   court.

APPEAL from the district court for Lancaster county. Heard below before HOLMES, J. *Affirmed.*

*O. P. Davis* and *Robert Ryan,* for appellant.

*Stephen L. Geisthardt, contra.*

Argued orally by *Robert Ryan* for appellant; by *Stephen L. Geisthardt, contra.*

POUND, C.

Stuart and another brought a suit in the nature of a creditor's bill against Henry Burcham, Hannah S. Burcham and Jacob Rocke, alleging that plaintiffs were judgment creditors of Henry Burcham, that the latter had made fraudulent transfers and assignments of certain moneys in the hands of the defendant Rocke to defendant Hannah S. Burcham, and that plaintiffs had liens upon the fund in the hands of Rocke by reason of garnishment proceedings. The court found for the plaintiffs, held the assignments invalid, gave the plaintiffs liens on the moneys held by Rocke in the sum of $679.61 and ordered Rocke to pay that sum into court forthwith. To this decree each of the defendants, which would include Rocke, excepted, and the record contains a mandate from this court from which it appears that each of the defendants, who are specifically named, were appellants in an appeal from said decree prosecuted in this court, which resulted in an affirmance. *Stuart v. Burcham,* 50 Nebr., 823. Upon filing of the mandate, Rocke paid said sum of $679.61 into court, whereupon the plaintiffs moved for execution to collect interest since the date of the decree and costs in the supreme court. This motion was granted and such execution ordered, and Rocke has brought the cause here once more by way of appeal from this ruling.

Three reasons are urged why the motion for execution should not have been granted. In the first place, it is said that as the original decree was silent as to interest

upon the sum ordered to be paid into court, the action of the court subsequently, in directing execution to collect interest thereon, amounted to an amendment of the decree, and was not permissible after expiration of the term at which decree was rendered. If it was necessary for the decree to provide for interest in case the sum ordered to be paid was not so paid in, this would be a tenable objection. But we do not think an express direction to that effect was required. Section 3, chapter 44, Compiled Statutes, reads: "Interest on all decrees and judgments for the payment of money shall be from the date of the rendition thereof at the rate of seven dollars upon each one hundred dollars annually until the same shall be paid." The decree in question, so far as it directed Rocke to pay the moneys in his hands into court, was a decree for the payment of money within the purview of the statute, and could draw interest from the time of rendition until the money was paid in, without any express provision therefor. Hence the issuance of an execution to collect such interest was not in conflict with nor did it add anything to the original decree.

With respect to the next point raised, namely, that Rocke throughout was a mere stakeholder, holding the money subject to order of the court for such claimant as should ultimately be found entitled thereto, and for such reason is not chargeable with interest, the record does not bear out the proposition of fact upon which it must rest. As has been said, he excepted to the decree and, along with one of the claimants of the fund, prosecuted an appeal therefrom. It has been suggested that he filed no brief on the appeal. We do not think that a material consideration. The mandate in the record shows that he was one of the appellants. Instead of paying in the money and remaining neutral, he appealed from the decree which ordered the money paid into court and attempted to secure its reversal. All claimants of the fund were parties to the suit and his interests did not require him to take sides. He would have been pro-

tected amply had he paid in the money.  Having chosen
to withhold it and appeal from the decree, interest is
properly chargeable.  *Oppenheimer v. Marr*, 31 Nebr., 811;
*Elkhorn Valley Lodge v. Hudson*, 59 Nebr., 672; *Hawley v.
Tesch*, 88 Wis., 213, 59 N. W. Rep., 670.  In the bill
of exceptions there is a stipulation of facts signed by
all the parties, dated prior to the decree, in which it is
set forth that in the garnishment proceedings Rocke was
ordered to hold not to exceed $700 subject to further
order of the court, and that he had in his hands $679.61
which he held himself ready to pay to such persons as
the court might decree to be entitled thereto.  This stip-
ulation shows upon its face that it was made for the
purpose of the trial at which the original decree was
rendered.  But counsel contend that it conclusively es-
tablishes Rocke's position as a mere stakeholder and that
the order allowing execution for interest is contrary to
the order to hold not exceeding $700 disclosed by the
stipulation.  This stipulation was not all that the court
had before it in ruling on the motion.  It also had its
own records, of which a transcript is before us.  These
records showed a decree subsequent to the stipulation,
in which Rocke was ordered to pay into court the money
which he stated he held subject to its decree, which was
a less sum than that directed to be held by the order in
the garnishment proceedings.  They showed that instead
of complying with this decree he appealed from it.  The
three orders are in entire harmony; one directing the
money to be held till further order, the next, furnishing
such further order by directing it to be paid in; the next,
granting execution for the interest from the date at which
he should have paid in, pursuant to the statute fixing
interest on judgments.  The stipulation that Rocke held
subject to the order of the court prior to its decree can
not control the decree ordering the money paid in, espe-
cially as the decree was rendered in part on the stipu-
lation and he has appealed therefrom and procured a
review and affirmance of it in this court.  Conceding that

he occupied a neutral position originally, and that the parties, including himself, so stipulated at that time, he ceased to do so when, instead of complying with the decree which took him at his word, he appealed therefrom.

Another point is made to the effect that contempt proceedings, not execution, afford the proper remedy. Proceedings for contempt were the original mode of enforcing decrees, and we should not wish to hold that they may not be had even to enforce decrees for payment of money in some cases at the present time. But the more direct remedy of execution has long been the usual method of carrying decrees into effect, and it seems entirely proper in such cases as this.

As to the costs of the former appeal to this court, the order is clearly right. The mandate recites an affirmance of the original decree "at the costs of said defendants," of whom Rocke is named as one, and directs execution. If the record was in error in setting forth that Rocke excepted to the decree, or the mandate in naming him as one of the appellants and one of the defendants against whom judgment for costs was rendered, due and timely measures should have been taken to obtain correction.

It is recommended that the decree be affirmed.

OLDHAM and SEDGWICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.