McNEILL v. RAILROAD.

(Filed April 4, 1905.)

*Judgments—Interest.*

By virtue of section 530 of the Code, a judgment bears interest from the time of its rendition until paid, though nothing is said therein about interest.

ACTION by W. H. McNeill against the Durham and Charlotte Railroad Company, heard by *Judge G. W. Ward* at the January Term, 1905, of the Superior Court of MOORE County.

Plaintiff recovered a judgment against defendant in the sum of $4,000 for injuries caused by its negligence and for costs. Defendant appealed to this court where the judgment was affirmed. There was no provision in the judgment for interest from the date of its rendition. Upon the certificate of this court, plaintiff moved in the court below for execution

on the judgment and defendant moved that the case be retired from the civil docket and also that the judgment be marked satisfied, it appearing that defendant had paid $4,000 on the judgment and had paid the costs.    The court granted plaintiff's motion and signed an order to the clerk to issue execution for the amount due on the judgment.    To this order and to an order overruling the motion, defendant excepted and appealed.

*W. J. Adams, U. L. Spence* and *Jas. D. McIver* for the plaintiff.
*Guthrie & Guthrie* and *H. F. Seawell* for the defendant.

Walker, J., after stating the facts:  The question in this case is whether the plaintiff is entitled to interest on his judgment, nothing being said therein about interest.    The contention of the defendant is that while by Section 530 of The Code it is provided that a judgment shall bear interest until paid, in order to do so it must be expressly stated in the judgment that it bears interest, by reason of the concluding words, namely, "and the judgment and decree of the court shall be rendered according to this section."    In construing these words it is our duty to try to get at the real intention of the legislature by carefully attending to the phraseology of the entire section.    We must ascertain the relation of the provision in the clause we have quoted to the general object intended to be secured by the Act and determine whether that provision is mandatory or merely directory.    "Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by the failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but not in the time or in the precise mode indicated, it will still be sufficient, if

that which is done accomplishes the substantial purposes of
the statute." 2 Sutherland Stat. Const. (Lewis) Sec.
611. The principle is aptly stated in Sedgwick on Statutory
& Constitutional Law (1857) 368, as follows: "When
statutes direct certain proceedings to be done in a certain
way or at a certain time, and a strict compliance with these
provisions of time and form does not appear essential to the
judicial mind, the proceedings are held valid, though the
command of the statute is disregarded or disobeyed. In
these cases, by a somewhat singular use of language, the
statute is said to be directory. In other cases, the statute is
held to be imperative or mandatory." Tested by either
statement of the rule, we think the statute under consid-
eration is directory so far as it provides that the judgment
must itself state that it shall bear interest from the date of
rendition until it is paid. It is perfectly clear that such a
statement in the judgment is not essential to effectuate the
intent of the legislature, which is to allow interest on judg-
ments. If the amount of the principal is fixed, the statute
provides that it shall bear interest, and everything is already
stated in the judgment necessary to carry out this leading
object of the statute. If it was further stated that it should
bear interest until paid, this would be saying no more than
the law already provides. The insertion of the statement
therefore is not essential, and the main intention will not be
defeated by its omission.

It is best always that the court in its judgment should
state fully the amount to be raised by the execution, both
principal and interest, but the plaintiff will not forfeit his
right to interest by the failure to do this, when enough ap-
pears on the face of the judgment to enable the officer to
compute the amount justly due. All he is required to know
is the amount of the principal, and then the statute makes
that amount bear interest to the time of payment. In
*Deloach v. Worke,* 10 N. C., 36, this court says: "The

evident design was to allow the plaintiff interest on the principal sum recovered in a judgment from the time of its rendition; and the direction to the jury to distinguish between the principal and interest was intended to provide for those cases in which the whole sum is assessed in damages, so as to enable the clerk or the sheriff to compute the interest on the principal sum. But where the principal and interest are discriminated on the record, or it can be collected from an inspection of it what the principal sum was, it is equally within the spirit of the act that interest should be calculated on that."

At common law a judgment did not carry interest when an execution or *sci fa* was issued upon it. In an action upon the judgment the plaintiff could recover interest by way of damages for the detention of the money. The statute was passed for the purpose of amending the law in this respect. *Collais v. McLeod,* 30 N. C., 221. The intent was that principal should bear interest in this case as in all others, because it was just and right that it should, and that the technical rule of the common law should not longer stand in the way. The sole purpose was to have it appear on the record what sum will carry interest after judgment. We would be insisting too much on the letter instead of the spirit of the statute if we should hold otherwise. *Deloach v. Worke, supra.*

The views we have expressed are supported by decisions of this court other than those already cited. *Farmer v. Willard,* 75 N. C., 402; *Long v. Long,* 85 N. C. 415. In neither of those cases was there any statement in the judgment that it carried interest. The court held that the judgments bore interest by virtue of the express provision of the statute to that effect. See also *McRae v. Malloy,* 87 N. C., 196. In *Amis v. Smith,* 16 Peters, 311, the court says: "We can see no good reason why interest upon a judgment, which is secured by positive law, is not as much a part of the judgment

McNEILL *v.* RAILROAD.

as if expressed in it." Language almost identical was used in *State v. Vogel,* 14 Mo. App. 189: "In order," says the court, "that the judgment should bear interest, it was not necessary that the court delivering the judgment should say so and make this statement a part of the judgment, because the statute provides that every judgment shall bear interest." *Rhodes v. Vaughan,* 9 N. C., 170, 171.

While, as we have substantially said, it is best always to follow established precedents and the directions of the law in drawing judgments, yet strict observance of a prescribed formula is not absolutely essential to save a right expressly given by statute, if a party is otherwise entitled to it, and the court is enabled from what does appear in the judgment to determine the right and to enforce it by its process. Lewis' Sutherland Sec. 610, *et seq.* Besides, as the provision is expressed affirmatively, there being no negative words to indicate that the legislature intended non compliance to work a forfeiture, the general rule is that in such a case the provision is merely directory. Sedgwick, *supra,* 370. We cannot think the legislature intended an insertion of the statement that the judgment carried interest should be indispensable to its recovery.

As the payment was by the law applied first to the interest accrued and then what was left to the principal, a balance was due on the judgment. The court was therefore right in ordering execution to issue for the amount due.