DAVID et al. v. FIRST NAT. BANK OF
CLAUDE.　(No. 681.)†

(Court of Civil Appeals of Texas. Amarillo. Nov. 28, 1914. On Motion for Rehearing, Jan. 9, 1915.)

1. ATTORNEY AND CLIENT (§ 93*)—AUTHORITY OF ATTORNEY—UNAUTHORIZED ACTS.

An attorney cannot, by virtue of his office, bind his client by altering in a material particular a judgment recovered by the client; for the alteration, besides being contrary to public policy, would avoid the judgment.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 175–179; Dec. Dig. § 93.*]

2. ATTORNEY AND CLIENT (§ 103*)—ACTS OF ATTORNEY—RATIFICATION.

Where the attorney for a bank improperly inserted in a judgment recovered by the bank provisions as to interest, that the president of the bank did not upon first hearing of the alteration repudiate the authority of the attorney and notify the judgment debtor does not show ratification, though the attorney continued to nego-

tiate with the debtor's counsel concerning payment of the judgment.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 154; Dec. Dig. § 103.*]

3. ATTORNEY AND CLIENT (§ 103*)—ALTERATION OF JUDGMENT—RATIFICATION.

A bank's suit on a judgment is not a ratification of an alteration in the judgment, where the bank first moved to expunge the alteration and restore the judgment to its original form.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 154; Dec. Dig. § 103.*]

Appeal from District Court, Armstrong County; J. N. Browning, Judge.

Action by the First National Bank of Claude against Thomas J. David and J. C. Eschle and another. From a judgment for plaintiff, the named defendants appeal. Affirmed.

Synnott & Underwood, of Amarillo, for appellants. Moore & Moore, of Claude, and Gustavus & Jackson, of Amarillo, for appellee.

HENDRICKS, J. At the August term of the district court of Armstrong county, Tex., the First National Bank of Claude, appellee herein, recovered a judgment of C. H. Harris, Thomas J. David, and J. C. Eschle, a part of which we quote as follows:

"It is therefore ordered, adjudged, and decreed by the court that the said the First National Bank of Claude, a duly incorporated banking corporation, do have and recover of and from the said C. H. Harris, Thomas J. David, and J. C. Eschle, jointly and severally, the sum of $1,182.52, together with all costs in this behalf expended, for which let execution issue."

The rendition of this judgment was in pursuance of an agreement between the attorneys for the bank and the attorneys for the judgment debtors, the consideration for which seems to have been the withdrawal of defenses, by the appellants herein, interposed against a promissory note (sued upon by the bank), and the suspension of execution against them upon the judgment until after the 1st day of January, 1914. Harris was the principal obligor, and David and Eschle were the sureties upon said note. While the note bore interest from maturity at the rate of 10 per cent. per annum, the judgment was silent as to any recitation of interest, and thereafter, and also after the adjournment of the court, the attorneys for the bank, and one attorney for one of the defendants in that cause, agreed that the following language: "And for interest from date at the rate of 10 per cent. per annum"—could be inserted in the judgment for the purpose of expressing the rate of interest indicated. This suit was instituted by the bank for the purpose of expunging the interlineation with reference to interest, upon the allegation that said bank was not a party to the alteration of said judgment, and did not authorize its attorneys to make an agreement for that purpose; and the court, upon a hearing, expunged the interlineation as men-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes
† Writ of error pending in Supreme Court.

tioned, restoring the judgment to the original condition, as quoted by us.

[1] The appellants, David and Eschle, assign error in different phases; that the judgment of the trial court in this cause is contrary to the weight and preponderance of the testimony, in that this record shows that the former judgment of that court, rendered on August 12, 1913, was materially changed by the bank's counsel, acting within the scope of his authority, as attorney for the bank, and that said alteration was made for the benefit of said bank; and, said change having been made without any notice or knowledge or agreement upon the part of these appellants, the material alteration of said judgment was to render the same void. Appellants also assign that the judgment of the trial court is against the preponderance of the testimony, in that the evidence shows that the president and manager of the bank, "even if he did not know of said material alteration in the judgment at the time the same was made, learned of the same as early as December, and that at that time he did not repudiate such alteration, or the authority of his said attorney to act for him, and did not make any objection thereto until within one day of the time of the trial of said motion," meaning the motion to expunge the surplusage from the judgment. Appellants cite numerous decisions for authority that acts of attorneys, while within the performance of the client's business, come within the scope of the attorney's authority, and are binding upon the client, which we think, however, are not applicable to the condition of this record; that is, as to the question of implied authority of the attorney by virtue of his employment.

Appellants cite no authority that the acts of an attorney (or of any other agent, for that matter) while in the performance of the client's business, when destructive of a client's rights, would be considered as within the implied authority of said attorney; none can be cited. The appellants assert the premise that, on account of the attorney of the appellee in this cause tampering with the public records, the judgment is void. Clearly, in order that a principal be bound for the acts of his agent, where the agent destroys the principal's right of property, the act of the agent would have to be authorized by said principal, or participated in to such an extent as that the authority would be presumed or ratified. It cannot be said that an attorney has the implied authority to tamper with the public records (however innocently done) because the attorney thinks he is effectuating the client's interest, and who in reality destroys the client's cause of action, merged into the judgment; the assertion that the attorney had the implied authority to destroy that which he was authorized to create presents the fallacy of the proposition by its statement. The case of Boggess v. Harris, 90 Tex. 476, 39 S. W. 565,

disclosed that an appellant's attorney, without the knowledge of the trial judge, or without agreement with opposite counsel, made a material interlineation in a statement of facts while a certain cause was on appeal to the Court of Civil Appeals. The Supreme Court said:

"We are of the opinion that such act was clearly beyond the scope of her attorney's authority, and therefore not her act (appellant's act), in legal contemplation. Her legal right to have the case reviewed in the appellate courts on the legal record made below could not be defeated by an unauthorized change made therein by an attorney employed, not for that purpose, but to conduct the cause in a lawful manner."

Justice Denman further used the following language, pertinently applicable to the immediate question under consideration:

"She can no more be deprived of such right for such a cause (the act of the attorney) than a plaintiff, could be denied a judgment upon a note according to its original tenor, on the ground that the attorney to whom it was delivered for collection had thereafter made an unauthorized change therein."

There is not the slightest suggestion in this record that the bank in any manner authorized or participated in the alteration in said judgment.

[2] The trial court also rejected the theory of ratification of the attorney's unauthorized act by the bank, and we conclude that the testimony and record are in such condition that the court's conclusion will have to stand. After the interlineation had been made in the judgment, and at a time when the attorneys for the bank were contemplating a realization upon the judgment by the issuance of execution, there was correspondence between the bank's attorney and the attorney representing the sureties upon the note; the latter informing the former that the execution would be resisted. Then it was, according to the testimony, that the president of the bank was informed of the alteration which had been made in the judgment. The bank's president testified:

"About a month or six weeks ago R. A. Moore informed me of the change. I did not authorize any one to make that change in the judgment; I was not present when it was made; I have not acquiesced in the change in the judgment."

He further testified:

"I did not say, 'You had no authority to do that,' but I did disapprove of the change."

See Colvin v. Blanchard, 101 Tex. 231, 106 S. W. 323.

As to ratification, of course, there are acts so manifestly indicative of intention as that, in some instances, the proof of the acts alone conclude the question of ratification; also there are cases where silence alone is a strong circumstance of estoppel or ratification, when the duty exists to speak. It is not shown in this record that the bank knew that its attorneys would continue any further correspondence with the attorney for the sureties with reference to the matter; nor can it be so clearly implied from this testimony, and from the condition of the matter,

considering the relation of the parties, that the president should openly repudiate, to the attorney, the acts of the latter, as that we could say his silence constituted ratification by the bank.

[3] Appellants say that the Cyclopedia of Law "lays it down as an invariable rule that filing suit on an instrument in its altered form is a ratification of the alteration and therefore estops the party bringing the suit from declaring on the instrument in its original form." If we interpret the record correctly, this was not done. A motion was first made by the bank to correct the judgment in order, as alleged, that it speak the real agreement producing the rendition of same, and was not a suit to enforce the judgment in its altered form.

The appellee argues rather forcibly that the record indicates clearly in this case that this was a judgment upon a contract bearing interest at the rate of 10 per cent., and that the real agreement was predicated upon the note for every obligation of payment in said note, with only an extension of time to the obligors for the issuance of execution in favor of the judgment debtors; that the judgment, on account of article 4981, Vernon's Sayles' Civil Statutes, though silent as to the rate of interest, by implication of said statute, and by operation of law, should bear the same rate of interest specified in the note after the date of said judgment. The following authorites may bear out the contention of appellee in this matter: Crook v. Tull, 111 Mo. 283, 20 S. W. 8; McNeill v. Durham & C. Ry. Co., 138 N. C. 1, 50 S. E. 458; Stuart v. Burcham, 62 Neb. 84, 86 N. W. 898, 89 Am. St Rep. 739. The cause of Townsend v. Smith, 20 Tex. 468, 70 Am. Dec. 400, in accordance with the last syllabus in the headnotes, is against the contention. However, the statute in effect, at the time this decision was rendered, prohibited any greater rate of interest then 8 per cent. upon judgments. Act approved January 18, 1840, and in existence when the Townsend-Smith Case was decided. See Hagood v. Aikin, 57 Tex. 513.

Of course, if the judgment, by implication of law, and perforce of the present statutes, though silent as to the rate of interest, bore interest at the rate of 10 per cent., the insertion of same into the judgment was an immaterial insertion, as the legal effect of the judgment was the same as the insertion. However, after considerable hesitation and upon the record as we find it here (the judgment having been an agreed one), though the question in favor of or against appellant's contention might be appropriately decided, we prefer to rest the affirmance of the cause on the lack of authority of the client's attorney, and the finding of the trial court against ratification by the principal of the agent's act.

Affirmed.

### On Motion for Rehearing.

Appellants afford hypothetical illustrations in the motion for rehearing, wherein an attorney or agent may, in pursuance of the principal's business, perform acts which may be detrimental to the business in hand. Without attempting to discriminate or draw distinctions, or cite authorities on some of the positions assumed by appellant, we will make the statement in this form, which in reality is the gist of the opinion rendered in this cause: That where an agent performs an act in violation of the public policy of the state, while in the performance of the client's business, when destructive of a client's rights, this would not be considered as within the implied authority of that attorney. No authorities could be cited on such a proposition.

Motion for rehearing overruled.