PAMELA RITCHIE SHERARD, APPELLANT, V. STATE OF NEBRASKA, SECOND INJURY FUND, APPELLEE.

509 N.W.2d 194

Filed December 17, 1993.   No. S-91-802.

T.J. Hallinan, of Cobb, Hallinan & Ehrlich, P.C., for appellant.

Don Stenberg, Attorney General, and Lynn A. Melson for appellee.

HASTINGS, C.J., BOSLAUGH, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ.

PER CURIAM.

Plaintiff-appellant, Pamela Ritchie Sherard, appeals an order of the district court quashing her writ of execution. We reverse the judgment and remand the cause with directions to issue the writ.

This is the second appearance of this case in this court. The underlying facts are outlined in our prior opinion, *Sherard v. Bethphage Mission, Inc.*, 236 Neb. 900, 464 N.W.2d 343 (1991) (*Sherard I*). Only those facts necessary to explain our present decision will be reviewed.

Sherard originally brought an action in the Nebraska Workers' Compensation Court to recover disability benefits against her employer, Bethphage Mission, Inc. Bethphage impleaded the State of Nebraska, Second Injury Fund (the Fund). The compensation court entered an award, and Bethphage and the Fund requested a rehearing. On February 14, 1990, the compensation court entered a rehearing award in favor of Sherard. The compensation court ordered both Bethphage and the Fund to make specified weekly payments to Sherard.

The Fund appealed the rehearing award to this court. On January 11, 1991, we decided *Sherard I*, in which we affirmed

the rehearing award and additionally ordered the Fund to pay Sherard $1,500 in attorney fees. After *Sherard I*, the Fund paid Sherard the disability benefits then due and the attorney fees. The Fund did not pay Sherard any interest. This unpaid interest is the subject of the present dispute.

To collect the unpaid interest, Sherard sought a writ of execution from the Lancaster County District Court. The Fund moved to quash the writ. After an evidentiary hearing and submission of briefs, the district court granted the Fund's motion to quash. Sherard appeals from this order, claiming that the district court erred in granting the motion to quash.

Sherard's claim presents us with three legal issues. First, did *Sherard I* provide a basis for awarding interest? Second, was *Sherard I* properly filed with the district court for enforcement? Third, may a district court issue a writ of execution against the Second Injury Fund? Each of these issues is a matter of law, in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the lower court. *VanDeWalle v. Albion Nat. Bank*, 243 Neb. 496, 500 N.W.2d 566 (1993).

We first address the issue of interest. In *Sherard I*, we awarded Sherard attorney fees pursuant to Neb. Rev. Stat. § 48-125(1) (Reissue 1988). The version of § 48-125(1) applicable at the time of *Sherard I* provided, in relevant part:

> If the employer files an application for a rehearing before the compensation court from an award of a judge of the compensation court and fails to obtain any reduction in the amount of such award, the compensation court shall allow the employee a reasonable attorney's fee to be taxed as costs against the employer for such rehearing, and the Supreme Court shall in like manner allow the employee a reasonable sum as attorney's fees for the proceedings in the Supreme Court.

The Fund is an employer within the meaning of this section. *Pollard v. Wright's Tree Service, Inc.*, 212 Neb. 187, 322 N.W.2d 397 (1982). Because the Fund's appeal in *Sherard I* failed to produce a reduction in the amount of the award, we held the Fund liable for a portion of Sherard's attorney fees.

Our judgment in *Sherard I* does not mention interest.

However, interest is allowed by statute; an award of attorney fees under § 48-125(1) implicates subsection (2) of the same statute. The version of § 48-125(2) applicable at the time of *Sherard I* provided, in relevant part:

> When an attorney's fee is allowed pursuant to this section, there shall further be assessed against the employer an amount of interest on the final award obtained, computed from the date compensation was payable, as provided in section 48-119, at a rate equal to the rate of interest allowed per annum under section 45-104.01, as such rate may from time to time be adjusted by the Legislature.

Neb. Rev. Stat. § 48-119 (Reissue 1988) provides that if the disability continues for 6 weeks or longer, then compensation is payable from the date of the injury. Neb. Rev. Stat. § 45-104.01 (Reissue 1988) provides for an interest rate of 14 percent per annum.

The precise issue before us is whether, when an appellate court judgment is silent as to interest and interest on the judgment is provided by statute, a district court may order execution to collect interest. We find that a district court may so order.

We have previously encountered this issue in conjunction with a postjudgment interest statute. In *Stuart v. Burcham*, 62 Neb. 84, 86 N.W. 898 (1901), we held that when a decree falls within the purview of the applicable postjudgment interest statute, interest is chargeable without an express direction to that effect appearing in the decree.

The postjudgment interest statute discussed in *Stuart* is analogous to § 48-125(2), the statute at issue here. The statute discussed in *Stuart* provided that " '[i]nterest . . . *shall be* . . . at the rate of [7 percent].' " (Emphasis supplied.) *Stuart*, 62 Neb. at 86, 86 N.W. at 899. Section 48-125(2) provided that interest "*shall further be assessed* against the employer." (Emphasis supplied.) As a general rule of statutory construction, the word "shall" is considered mandatory. *Moyer v. Douglas & Lomason Co.*, 212 Neb. 680, 325 N.W.2d 648 (1982); *Pelzer v. City of Bellevue*, 198 Neb. 19, 251 N.W.2d 662 (1977). Both the *Stuart* statute and § 48-125(2) required an award of interest. We previously interpreted the *Stuart* statute to allow interest even

when the decree was silent as to interest, and we now interpret § 48-125(2) in a similar fashion.

Such an interpretation is supported by courts of other jurisdictions. Those courts generally hold that although interest may be specified in a judgment, statutory interest is also recoverable when the judgment makes no mention of its recovery. See, *Rogers v. Springfield Fire etc. Ins. Co.*, 92 Cal. App. 537, 268 P. 679 (1928); *Arnold v. Arnold*, 258 Iowa 850, 140 N.W.2d 874 (1966); *Commonwealth, Department of Highways v. Young*, 380 S.W.2d 239 (Ky. 1964); *Thomas v. St. Charles Parish*, 613 So. 2d 698 (La. App. 1993); *Bolt v. Nelson*, 263 Mich. 158, 248 N.W. 581 (1933); *Baldwin v. Collins*, 479 P.2d 567 (Okla. 1970); *Wolfgang v. Thiele Co.*, 141 Or. 280, 17 P.2d 313 (1932); *Golden v. Murphy*, 611 S.W.2d 914 (Tex. Civ. App. 1981); *Dairy Distributors, Inc. v. Local 976, etc.*, 16 Utah 2d 85, 396 P.2d 47 (1964). Other sources specifically explain that "where interest on judgments is allowed by statute, execution for interest may issue whether or not it is allowed in the judgment." 33 C.J.S. *Executions* § 75 b. at 216-17 (1942). Accord *Amis v. Smith*, 41 U.S. (16 Pet.) 303, 10 L. Ed. 973 (1842) (applying Mississippi law).

Based on our decision in *Stuart*, principles of statutory construction, and the weight of the above authorities, we hold that when a court awards attorney fees against an employer pursuant to § 48-125(1), the employer shall be liable for interest pursuant to § 48-125(2). The employer's liability for interest exists, and execution for interest may issue, even when the judgment is silent as to interest. Thus, *Sherard I*, in which we awarded attorney fees pursuant to § 48-125(1), provides grounds upon which the district court, pursuant to § 48-125(2), could have issued a writ of execution for interest.

We next address the issue of Sherard's filing documents with the district court. A judgment for compensation pursuant to the Nebraska Workers' Compensation Act cannot be enforced until it becomes "conclusive upon the parties." Neb. Rev. Stat. § 48-188 (Reissue 1988). See *Leitz v. Roberts Dairy*, 239 Neb. 907, 479 N.W.2d 464 (1992). An award by this court becomes conclusive upon the parties when this court issues a mandate. *Id.* Cf. *Smith v. Garbe*, 86 Neb. 91, 124 N.W. 921 (1910)

(appellate court's judgment is final and binding regardless of whether its mandate was ever entered of record in the district court). Once an award becomes conclusive, it may be filed with the district court, "whereupon such order, award, or judgment shall have the same force and effect as a judgment of such district court." § 48-188.

As a preliminary matter, we note that *Sherard I* was conclusive upon the parties despite the fact that no mandate appears in the record before us. The issuance of a mandate is a ministerial act. *Save The Trains Assn. v. Chicago & N. W. Ry. Co.*, 168 Neb. 180, 95 N.W.2d 334 (1959). In the absence of evidence to the contrary, we presume that official acts, including ministerial acts, have been properly performed. *County of Hamilton v. Thomsen*, 158 Neb. 254, 63 N.W.2d 168 (1954). When the record is silent on the issue, we will presume that a mandate was duly issued at the appropriate time. See Neb. Ct. R. of Prac. 14A(1) (rev. 1992) (stating the times during which a mandate cannot issue).

Although *Sherard I* was conclusive upon the parties, Sherard did not file a copy of *Sherard I* with the district court. Instead, she filed a copy of the Workers' Compensation Court rehearing award. At the evidentiary hearing on the Fund's motion to quash, Sherard then entered into evidence a copy of *Sherard I*.

Sherard's filing under § 48-188 provided a sufficient basis upon which the district court could enforce the judgment. First, the district court was presented with an actual copy of the judgment to be enforced. Second, even if Sherard had only filed a copy of the rehearing award, the district court would have been charged with knowledge of our judgment. When a district court is called upon to enforce a decision of the Workers' Compensation Court, the district court has a duty to take judicial notice of any appellate decisions which may have been rendered in the same case. Cf. *Bank of Mead v. St. Paul Fire & Marine Ins. Co.*, 202 Neb. 403, 275 N.W.2d 822 (1979). We therefore find that, either through the submission of evidence or through judicial notice, the district court in the present case could have recognized the award of attorney fees in *Sherard I*. The district court could then have issued a writ of execution for the interest due pursuant to § 48-125(2).

Finally, we address the issue of whether a writ of execution may issue against the Fund. The Fund contends that the monies in the Second Injury Fund are State property and therefore are not subject to execution. We agree that, absent a statute to the contrary, State property is not subject to execution. *County of Madison v. School District No. 2*, 148 Neb. 218, 27 N.W.2d 172 (1947). We also acknowledge that the Fund's contention is supported by some authority. See, *McAvoy v H B Sherman Co*, 401 Mich. 419, 258 N.W.2d 414 (1977); *State, ex rel., v. Indus. Comm.*, 116 Ohio St. 45, 156 N.E. 101 (1927); *Industrial Accident Board v. Miears*, 227 S.W.2d 571 (Tex. Civ. App. 1950), *rev'd in part on other grounds and aff'd in part*, 149 Tex. 270, 232 S.W.2d 671; *Mason-Walsh-Atkinson-Kier Co. v. Dept. L. & I.*, 5 Wash. 2d 508, 105 P.2d 832 (1940). However, we find that the monies in the Second Injury Fund are not State property.

The Second Injury Fund is established by and described in Neb. Rev. Stat. § 48-128 (Reissue 1988). That statute provides, in relevant part:

> The Second Injury Fund shall be for the purpose of making payments in accordance with this section and for paying administrative expenses relating to such fund. The State Treasurer shall be the custodian of the Second Injury Fund, and *all money and securities in the fund* shall be held in trust by the State Treasurer and *shall not be money or property of the state.*

(Emphasis supplied.) According to the Fund, this language means only that the Second Injury Fund is not a part of the State's general fund. The meaning which the Fund assigns to this language is unwarranted by the plain language of the statute.

Beyond the plain language of the statute, persuasive authorities convince us that the monies in the Second Injury Fund are not State property. We find such precedents both in Nebraska and in other jurisdictions.

Looking first to Nebraska case law, we notice a strong parallel between State property and "public funds." Public funds are funds belonging to the State, or to any county or political subdivision of the State. *Allen v. City of Omaha*, 136

Neb. 620, 286 N.W. 916 (1939). In *Allen*, we held that the monies in a police pension fund were not public funds. This holding rested on several characteristics of the police fund: the police fund was not raised by taxation or by operation of a general law applicable to the public at large, the police fund was statutorily segregated for a specific use, and the monies in the police fund were held in trust by the city treasurer. Based on these characteristics, we found that the monies in the police fund did not belong to the city of Omaha and were not city funds.

The Second Injury Fund shares all of the relevant characteristics with the police fund at issue in *Allen*. The Second Injury Fund is not raised by taxation; rather, the Director of Insurance collects annual assessments from each insurance company transacting business in Nebraska. The Second Injury Fund is statutorily segregated in a special trust fund and can only be drawn upon for particular purposes. The Second Injury Fund is held in trust by its custodian, the State Treasurer. Under the reasoning of *Allen*, the Second Injury Fund does not belong to the State and is not State property. See 7B John A. Appleman, Insurance Law and Practice § 4595 (Walter F. Berdal ed. 1979) (second injury funds are private funds, not public funds).

Courts in other jurisdictions have held that state insurance funds are not state property. See, *Industrial Com. v. School Dist. No. 48, etc.*, 56 Ariz. 476, 108 P.2d 1004 (1941); *Senske v. Fairmont & Waseca Canning Co.*, 232 Minn. 350, 45 N.W.2d 640 (1951); *State ex rel. Stearns v. Olson*, 43 N.D. 619, 175 N.W. 714 (1919); *Moran v. State ex rel. Derryberry*, 534 P.2d 1282 (Okla. 1975); *Chez, Atty. Gen., v. Industrial Comm. of Utah et al.*, 90 Utah 447, 62 P.2d 549 (1936). One court has even stated that although state insurance funds have some of the qualities of a public fund, the state has no interest in such insurance funds other than in the funds' proper administration. *Senske, supra*. In holding that state insurance funds are not state property, courts consider a number of the same characteristics we considered in *Allen*. See, *School Dist. No. 48, etc., supra* (funds not made up of taxes collected from citizenry at large); *Senske, supra* (funds not derived from taxation);

*Olson, supra* (funds not collected by taxation can only be disbursed for particular purposes); *Moran, supra* (funds held in trust, can only be disbursed for particular purposes); *Chez, Atty. Gen., supra* (funds not derived from the state, can only be used for particular purposes).

Based on the plain language of the statute, our decision in *Allen*, and cases from other jurisdictions, we hold that the monies in the Second Injury Fund are not State property. The Second Injury Fund can therefore be subject to a writ of execution.

In summary, we conclude that our decision in *Sherard I* implicitly held the Fund liable for interest, that *Sherard I* was properly before the district court, and that the Second Injury Fund is subject to execution. We reverse the decision of the district court and remand the cause with directions to issue a writ of execution for the allowable interest.

REVERSED AND REMANDED WITH DIRECTIONS.

WHITE, J., participating on briefs.

SHANAHAN, J., not participating.