REQUESTED BY: Mike Foley, Auditor of Public Accounts
Michael J. Smith, Director
Nebraska State Historical Society
You have posed two questions to us regarding the "private funds" of the State Historical Society (the "Society"). First, you ask whether those private funds are "actually money belonging the State and subject to other State statutes and policies in regards to the use of the money?" Second, you ask whether the financial activity of those funds needs to be "reflected in the Society's Budget and the Nebraska Accounting System?" Those issues arise due to the provisions of Neb. Rev. Stat. § 84-710 (1999), which exempts the Society from paying the funds at issue to the State Treasury.
I. BACKGROUND
The funds that are the focus of your question are derived from museum sales and membership contributions. The Nebraska Historical Society, in accordance with its statutory authority, operates historical sites and museums held by the Society in the public interest. The Society receives funds from sale of various items at the museum stores and other funds are received from membership contributions. These amounts are collectively referred to as "private funds".
It is related that the museum stores are located on state properties and operated and managed by state employees. The private fund amounts are not remitted to the State Treasury and are held in separate accounts maintained at other financial institutions. The accounts are also administered by state employees and the signature card(s) for the account(s) is in the name of a state employee. The financial records for the private funds are kept by separate software on a state computer. The accounts are periodically audited by a private certified public accountant. Reportedly, the private funds are expended for support of the museum stores including purchases of equipment and supplies. Other expenditures have included payments for lobbying services and alcoholic beverages, and for Board of Trustees' luncheons.
II. ANALYSIS
As a matter of course, all funds and proceeds due and belonging to the State are required by Neb. Rev. Stat. § 84-710 (1999) to be paid into the State Treasury within three or seven days of receipt depending on the dollar amount of the funds received. Failure to remit the funds to the State Treasurer constitutes the embezzlement of state funds under the provisions of Neb. Rev. Stat. § 84-711 (1999). As you have noted, the Historical Society is exempt from remitting the private funds to the State Treasury. Section 85-710 in part states:
 . . . The provisions of this section and section 84-711 shall not apply to money received as proceeds of any fair, exposition, or exhibition held by any state board or society or of membership contributions to or receipts from miscellaneous sales by the Nebraska State Historical Society.
(Emphasis added).
The exemption language was added by amendment of § 84-710 through enactment of 1961 Neb. Laws LB150 now codified at § 84-710. The legislative history of LB150 has been reviewed to ascertain legislative intent for the amendment establishing the exemption.
The declaration of legislative intent for the bill is stated as follows:
 AN ACT to amend Section 84-701. Reissue Revised Statutes of Nebraska, 1943, relating to state offices: to exempt prescribed receipts of the Nebraska Historical Society from the requirement of deposit in the state treasury; and to repeal the original statement.
Decl. of Intent, LB 150, 72nd Neb. Leg., Nebraska Legislative Journal, Chap't 453, p.p. 1381-1382.
The floor debate on LB 150 includes the following discourse:
 . . . . At the present time there are people that pay membership dues into the Historical Society. And also once in awhile they get a few contributions from people to the Historical Society and they have found that people do not desire to buy into these memberships if they go into the state fund that is asked to be put up under the next bill. And they'd be allowed to spend and use this money as it is put in directly from the Society.
Floor Debate on LB 150, 72nd Neb. Leg., Statement of Senator Gerdes, p.p. 112, 120 (Feb. 2, 1961).
The declaration of legislative intent and the statement of Senator Gerdes reflect that the purpose of the amendment was to exempt the funds from being paid into the State Treasury. Accordingly, we believe that the private funds are not required to be remitted by the Historical Society to the State Treasurer.
On the other hand, we believe that the private funds you have inquired about are public funds belonging to the State, and that the labeling of the funds as "private funds" is anomalous in that sense. The terms, public funds and state funds, are not defined in Nebraska statutes. However, the Nebraska Supreme Court and other authorities define public funds as those funds belonging to the state or a political subdivision that the state has collected in accordance with general law. Allen v. City of Omaha, 136 Neb. 620, 286 N.W. 916 (1939). In Allen, the Nebraska Supreme Court discussed the subject of public funds and held that police pension funds were not public funds since they were segregated for a specific use and could not lawfully be used for any other purpose. In a more recent case, the Court accepted the definition that public funds are funds belonging to the State, or to any county or political subdivision of the State. Sherard v. State of Nebraska, 244 Neb. 743,749, 509 N.W.2d 194, 199 (1993). In Sherard, the Court concluded that monies of the Second Injury Fund established for workers compensation benefits are not public funds since the funds could be used only for specific purposes (workers compensation benefits).
The common thread in the cases is that special purpose funds in the custody of the State that are earmarked for particular purposes are not public funds. The funds you have inquired about originate from the general operation of law and the use of the funds are not restricted for a special purpose. The fund amounts are derived from the activities of the Historical Society in the performance of its statutory duties since the Historical Society is a state agency with the authority to operate museums and other historical sites pursuant to Neb. Rev. Stat. § 82-101
(1999). Further, the governing body of the Society is the Board of Trustees with authority to create classes of membership in the Society and set fees for the memberships under the provisions of Neb. Rev. Stat. § 82-101.02 (1999). For these reasons, it is our opinion that the monies at issue are public funds belonging to the State.
The "private funds" of the Historical Society are also subject to state accounting and budget procedures applicable to all state funds. The accounts and accounting systems for departments and agencies of the State are prescribed and established by the Accounting Division of the Department of Administrative Services. Neb. Rev. Stat. § 81-1110.01
(1999) provides that the purpose of the Accounting Division is to prescribe and implement a centralized, uniform state accounting system for all state agencies, and to monitor state-established expenditure limits. In view of these requirements, we recommend that appropriate staff of the Historical Society contact the Accounting Division to establish an appropriate record-keeping system which would comply with state accounting procedures for maintenance of accounts and records for the funds.
Finally, the funds derived from sale of various items at the museum stores and other amounts received from membership contributions are necessarily included in the budget of the Historical Society and subject to budget requirements applicable to departments and agencies of the State. The Budget Division of the Department of Administrative Services has the express duty to prescribe forms and procedures to be employed by all departments and agencies of the state in compiling and submitting their budget requests. Budgets submitted by agencies are required to include intended receipts and expenditures for all agency programs and activities. See Neb. Rev. Stat. § 81-1113(1) (Cum.Supp. 2006). In view of the accounting and budget requirements applicable to all state agencies and departments, the "private funds" and expenditure thereof are necessarily included in the record-keeping systems and budgets of the Historical Society.
CONCLUSION
We agree with your assessment that the receipts derived from miscellaneous sales and membership contributions constitute monies belonging to the State and are subject to accounting practices and budget requirements applicable to all agencies of the State. It is our opinion that the Historical Society is exempt from paying the amounts to the State Treasury and may establish separate accounts in other financial institutions. The accounting system in place for the funds should comply with the accounting procedures and expenditure guidelines established by the Accounting and Budget Divisions of the Department of Administrative Services.
Sincerely,
JON BRUNING Attorney General
Fredrick F. Neid Assistant Attorney General
Approved:
______________________________
Attorney General