360          NEBRASKA REPORTS          [Vol. 111

State, ex rel. Davis, v. Nebraska State Bank.

---

STATE, EX REL. CLARENCE A. DAVIS, ATTORNEY GENERAL, V. NEBRASKA STATE BANK OF MILLIGAN, APPELLANT: KATIE VAVRA, CLAIMANT, APPELLEE.

FILED DECEMBER 31, 1923. No. 23473.

Banks and Banking: GUARANTY FUND. Accrued interest on deposits in state banks, evidenced by certificates of deposit bearing interest, is under the protection of the bank guaranty fund to the same extent as general deposits.

APPEAL from the district court for Fillmore county: RALPH D. BROWN, JUDGE. *Affirmed.*

*Sloan, Sloan & Keenan,* for appellant.

*R. M. Proudfit, contra.*

Heard before MORRISSEY, C. J., LETTON and DAY, JJ., SHEPHERD, District Judge.

LETTON, J.

Katie Vavra, in June, 1922, deposited $3,200 in the Nebraska State Bank of Milligan, Milligan, Nebraska. She received a certificate of deposit drawing interest at the rate of 5 per cent. per annum if left six months, and 5 per cent. per annum if left for 12 months. The bank failed and a receiver was appointed. A claim was filed by Mrs. Vavra, upon this certificate, for $3,200 with 5 per cent. interest to date of payment. The court found in favor of claimant for both principal and interest. The receiver has appealed.

The appellant states that he is now convinced that the allowance of the principal sum of $3,200 was a proper charge against the guaranty fund of the state of Nebraska, but contends that no interest should be allowed against such

VOL. 111]     SEPTEMBER TERM 1923            361

State, ex rel. Davis, v. Nebraska State Bank.

fund upon the certificate of deposit. While no specific assignments of error are to be found in the brief, as rule 11 of court rules (94 Neb. X) requires, the statement of the issues and of the propositions of law is sufficiently clear so that we may regard it as an assignment that the judgment is not supported by the evidence. However, it is the better practice to follow rule 11 in the preparation of briefs, as this facilitates greatly the work of the court.

The argument of the receiver is that the guaranty fund was established to secure the repayment of actual deposits; that it was not established for the purpose of protecting profits of an investing depositor who obtains interest, as against a depositor who places his money in the bank on general deposit; that to hold otherwise is a discrimination against "the legitimate depositor," and that the other banks of the state should not be compelled to guarantee the payment of profit in the form of interest.

We cannot see but that the time depositor is as "legitimate" a depositor as he who deposits upon an open checking account. The purpose of the bank in paying interest on time deposits is to obtain funds at low cost which it can lend at a higher rate of interest and thus carry on a profitable business. It is not for the purpose of conferring a benefit on the depositors. The receiving of such deposits and the payment of interest upon them is and has been for many years recognized as a legitimate and proper function of banks. Would not the argument of appellant apply equally as well to interest paid to depositors by savings banks? Could it ever have been the intention of the legislature to deprive the small depositor in such a bank of the protection afforded by the guaranty fund to the interest earned by the use of his money? Unless the statute is clear that this was its intention we cannot so hold.

While it is true that the assessment of state banks for the creation of the guaranty fund is made upon a percentage of the actual deposits in such banks, there is no specific provision in the statute restricting the payment to depositors from that fund to the exact amount of money deposited.

Under section 8033, Comp. St. 1922, it is the *claims* of depositors for deposits and the claims of holders of exchange which are accorded priority, and are a first lien on all the assets of the corporation. If the cash in the hands of the receiver is insufficient to pay "the claims of depositors," the court shall determine the amount required to supply the deficiency, and when the amount is drawn by the department from the guaranty fund the same is "to be applied on the said claims of depositors." Money on deposit in the state banks of Nebraska is largely upon time deposit and is evidenced by the issuance of interest bearing certificates of deposit. The guaranty fund law expressly provides that interest may be paid by a state bank not in excess of 5 per cent. per annum. The fair implication is, when this provision is found in the law creating the fund, that the intention was to make the fund liable for the payment of such interest.

The judgment of the district court is

AFFIRMED.