State, ex rel. Spillman, v. Farmers State Bank.

---

STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V. FARMERS STATE BANK OF CULBERTSON.

UNION AUTOMÓBILE INSURANCE COMPANY, CLAIMANT, APPELLEE, V. VAN E. PETERSON, RECEIVER, APPELLANT.

FILED JULY 1, 1925.  No. 24560.

1. Banks and Banking: DEPOSIT. The evidence contained in the bill of exceptions *held* insufficient to show such collateral agreement between the depositor and the bank as to bring the deposit in suit within the inhibitions of section 39, ch. 191, Laws 1923.

2. ———: ———: INTEREST. By section 24, ch. 191, Laws 1923, claims against an insolvent state bank based upon certificates of deposit are, as to interest, taken out of the general rule, and, in determining the amount to be paid upon any such claim, interest should be reckoned at the rate fixed in the certificate from the date of the certificate to date of payment, if paid before its maturity, but, if not paid until after maturity, interest should be reckoned from the date of the certificate until its maturity only, and any judgment recovered will bear interest at 7 per cent. from date of hearing in the district court until paid.

State, ex rel. Spillman, v. Farmers State Bank.

APPEAL from the district court for Hitchcock county: CHARLES E. ELDRED, JUDGE. *Affirmed in part, and reversed in part.*

C. M. *Skiles* and *Butler & James,* for appellant.

·:Claude S. *Wilson* and *Albert S. Johnston, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD and THOMPSON, JJ., REDICK and SHEPHERD, District Judges.

MORRISSEY, C. J.

This appeal grows out of receivership proceedings brought to wind up the affairs of the Farmers State Bank of Culbertson, Nebraska. The Union Automobile Insurance Company filed its claim based upon a certificate of deposit in the amount of $1,500, drawing 5 per cent. interest, and payable one year after its date, which was issued originally to the Bankers National Life Insurance Company, of Denver, Colorado, and assigned by that company to claimant. The receiver refused payment on the ground that it was not a deposit within the meaning of section 39, ch. 191, Laws 1923, and alleged that it had been issued upon a collateral agreement by which the bank's cashier agreed to solicit insurance business for the payee, provided that company would make a deposit in the bank. The trial court found generally for claimant, and directed the receiver to pay the face value of the certificate, plus interest, reckoned at the rate of 5 per cent. per annum for the whole period from the date of the certificate until the final payment of the claim, from the depositors' guaranty fund.

The receiver contends that the court erred in holding that the claim should be paid out of the guaranty fund, and that it was error for the court to allow claimant interest on the certificate of deposit after the date of the appointment of the receiver. The claimant has taken a cross-appeal, contending that the court should have allowed interest to the date of maturity at 5 per cent., and from the date of maturity to the date of the judgment on the amount of the certificate plus accrued interest at the rate of 7 per cent. per annum until paid.

The evidence shows that on June 7, 1923, a vice-president of the Bankers National Life Insurance Company called at the bank, and while there, with the assistance of the bank's cashier, wrote several policies of insurance and arranged to appoint the cashier of the bank the local agent of the company; that on the same date a draft for the amount of the certificate was drawn upon the company and sent with the certificate of deposit here in suit to the company for acceptance, and that the draft was paid. The receipt by the insolvent bank of the amount represented by the certificate is not questioned.   But, because the policies were written and the local agency established, the receiver argues that the deposit was not protected by the state guaranty fund.   And he cites section 39, ch. 191, Laws 1923, which reads in part as follows:

"No state bank shall receive any deposit upon any collateral agreement or condition other than an agreement for length of time to maturity and rate of interest, and no money deposited in any such bank, upon any such collateral agreement or condition, shall be guaranteed by the depositors' guaranty fund."

A careful reading of the evidence adduced discloses no collateral agreement such as would bring this deposit within the statute cited.   The court, therefore, correctly held that the deposit was a proper claim upon the state guaranty fund.

Both parties object to the method adopted by the trial court in computing interest.   The receiver contends that no interest should be allowed for the time subsequent to his appointment, and he cites authority in support of the general rule that, after the property of an insolvent passes into the hands of a receiver, interest is not allowed on claims against the funds. These authorities are instructive, but they are not controlling in the instant case.   By statute it is provided that "holders of certificates of deposit shall not be entitled to payment until their maturity, according to their terms."   Laws 1923, ch. 191, sec. 24.   This statute, it will be noted, prevents the holder of a certificate of deposit

from demanding the payment of his claim before maturity, and takes it out of the general rule. Inasmuch as the holder of a certificate of deposit is, by statute; put in a special class, it cannot be said that the appointment of a receiver affects his rights until the maturity of his certificate, when he may rightfully demand payment. It follows that claim-ant is entitled to interest at the rate fixed in the certificate up to the date of its maturity. From the date of the maturity of the instrument until action is taken by the court upon the claim, no interest should be allowed, as the delay in payment may be said to be the delay of the law. But upon hearing by the court, if the claim be found to be valid, interest from that date should be paid at the rate of 7 per cent. per annum until the judgment is paid. Comp. St. 1922, sec. 2835. *State v. Nebraska State Bank,* 111 Neb. 360.

The judgment is affirmed in part and reversed in part, and remanded, with directions to enter judgment in accordance with this opinion; all costs to be taxed to appellant.

AFFIRMED IN PART, AND REVERSED IN PART.