398     NEBRASKA REPORTS.     [VOL. 115

State, ex rel. Spillman, v. Monowi State Bank.

STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V.
MONOWI STATE BANK: A. F. SCHINDLER, INTERVEN-
ING CLAIMANT, APPELLEE: VAN E. PETERSON,
RECEIVER, APPELLANT.

FILED APRIL 12, 1927. No. 24790.

APPEAL from the district court for Boyd county: ROB-
ERT R. DICKSON, JUDGE. *Affirmed as modified.*

*C. M. Skiles, Fred S. Berry* and *James E. Brittain,* for
appellant.

*John A. Davies, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD,
THOMPSON and EBERLY, JJ.

PER CURIAM.
This action grows out of the failure of the Monowi
State Bank. A. F. Schindler presented a claim based on
two certificates of deposit and a deposit on an open ac-
count, aggregating $23,835.86, and asked that it be allowed
as preferred and adjudged payable from the depositors'
guaranty fund. The receiver filed objections, and a hear-
ing was had to the court, resulting in a finding and judg-
ment for the claimant for the full amount, together with
5 per cent. interest from the date of the several deposits
to the entry of judgment on March 6, 1925. The receiver
appeals.

The receiver contends that claimant is not entitled to
a preference, because excessive interest has been paid on
the deposits, and because they were made upon a collateral
agreement; and further contends that, if they are entitled
to a preference, the trial court allowed more interest than
claimant was entitled to under the rules of this court.

The facts in the instant case are very similar to those
in *State v. Monowi State Bank, ante,* p. 396. The princi-
pal questions in the instant case, as in that, are governed
by the rules laid down in the cases therein cited.

It appears from the record that the certificates of deposit, by their terms, matured some time prior to the entry of judgment, and the trial court allowed interest at the rate of 5 per cent. per annum, being the rate specified in the certificates of deposit, from their date to the date of entry of judgment.  Under the rule announced in *State v. Farmers State Bank*, 113 Neb. 679, interest should have been reckoned on the certificates that had matured only until the date of their maturity, and no interest should have been allowed thereafter.

From an examination of the record, it appears that claimant was awarded excessive interest in the amount of $126.23.  The total judgment entered in favor of the claimant was $25,385.79.  It should have been for $126.23 less, or for $25,259.56.  In all other respects the judgment of the district court is right.

The judgment of the district court is therefore modified so as to allow claimant a judgment for $25,259.56, as of date March 6, 1925, payable from the depositors' guaranty fund as a preferred claim, and, as modified, the judgment is affirmed.

AFFIRMED AS MODIFIED.