STATE, EX REL. CLARENCE A. DAVIS, ATTORNEY GENERAL, V. OCTAVIA STATE BANK: LOMA STATE BANK, INTERVENER, APPELLEE: EMIL FOLDA, RECEIVER, APPELLANT.

FILED APRIL 24, 1928. NO. 25684.

*C. M. Skiles,* for appellant.

*Joseph T. Votova* and *Coufal & Shaw, contra.*

Heard before GOSS, C. J., ROSE, DEAN, THOMPSON, EBERLY and HOWELL, JJ., REDICK and WHEELER, District Judges.

WHEELER, District Judge.

The Octavia State Bank, of Octavia, Nebraska, was incorporated in 1901 and continued the transaction of a banking business until closed by the banking department of the state of Nebraska in September, 1921. The Loma State Bank kept a deposit with the Octavia bank from June, 1912, until the Octavia State Bank was closed. The account was opened by the deposit of $10,400 by the Loma bank, nearly the entire capital of the Loma bank. From time to time the Octavia bank discounted notes with the Loma bank and charged the deposit of the Loma bank with these notes. When the Octavia bank was closed the deposit of the Loma bank amounted to $342.76, which was paid. The Loma bank now claims an additional deposit of $6,500 because the Octavia bank had sent the Loma bank five forged notes totalling this amount and had charged the

deposit of the Loma bank with the amount of the notes. It appears from the bank statements that the Eberly note of $1,700 was charged against the deposit of the Loma bank on March 23, 1921; the Hookstra notes of $1,100 on January 16, 1919; the Morback note of $500 on August 20, 1919; and the Dodendorf note of $1,200 on August 30, 1919. These notes were all made payable to the order of and indorsed by E. A. Rusher, who was cashier of the Octavia bank, now a fugitive from justice. The Loma bank took these notes with no knowledge that they were forged and did not discover the forgery until after the Octavia bank was closed. The Loma bank accepted the statements of the Octavia bank charging the Loma deposit with the amount of the forged notes and made no effort to ascertain their genuineness. A forged note is wholly inoperative as a negotiable instrument. Comp. St. 1922, sec. 4634. Hence, the Octavia bank could not charge the deposit of the Loma bank with the amount of forged paper remitted the Loma bank. The deposit of the Loma bank with the Octavia bank at the time the Octavia bank was closed was actually $6,842.76 and the whole a valid claim against the guaranty fund. The fact that the Loma bank was lax in investigating the paper and ascertaining the forgery is immaterial. It was the obligation of the Octavia bank to credit the Loma deposit with the amount it had charged against it because of the forged notes as soon as the forgeries were discovered. Had they been discovered sooner, the deposit should have been credited sooner, and the Octavia bank is not harmed by the laches of the Loma bank. The district court was right in holding that a charge against the account of a depositor by remittance of forged paper amounts to a false entry and does not deprive the depositor from recovering the true deposit from the guaranty fund.

The district court did err, however, in allowing $2,275 interest, having calculated the interest on the deposit at 7 per cent. during the time the Octavia bank remained open. The agreed rate of interest on the deposit was 3 per cent., and 3 per cent. only should be allowed until the certificate

became due. No interest should be then allowed until the claim reaches judgment, after which the judgment draws 7 per cent. *State v. Farmers State Bank*, 113 Neb. 679. The interest, therefore, should be computed at $975 and the judgment against the guaranty fund reduced from $8,775 to $7,475. The judgment of the district court, as modified, is affirmed.

AFFIRMED AS MODIFIED.