MARGARET HALL, APPELLEE, V. CITIZENS STATE BANK OF SUPERIOR, APPELLANT.

FILED FEBRUARY 25, 1932. No. 27977.

*F. C. Radke, Barlow Nye, W. A. Crossland* and *I. D. Beynon,* for appellant.

*Bernard McNeny, J. S. Gilham* and *L. A. Sprague, contra.*

Heard before ROSE, GOOD and DAY, JJ., and CHAPPELL and LANDIS, District Judges.

CHAPPELL, District Judge.

The Citizens State Bank of Superior, Nebraska, was closed by the department of trade and commerce of Nebraska on December 28, 1928, and placed in receivership on June 28, 1929. The appellee, Margaret Hall, filed her claim for a trust fund payable in full out of the assets of this bank. On November 7, 1929, the district court for Nuckolls county, Nebraska, decreed her a trust fund in

the sum of .$5,630.47, entitled to priority of payment out of the assets of said bank ahead of the claims of depositors and creditors. The decree was silent as to interest. Upon appeal to the supreme court of Nebraska the decree of the district court was affirmed and mandate handed down on January 10, 1931. The receiver thereupon paid to the clerk of the district court for Nuckolls county the said sum of $5,630.47 in compliance with decree and mandate. Thereafter the appellee filed a motion in the district court for Nuckolls county for an order allowing interest on said decree from November 7, 1929, the date of the rendition, to January 17, 1931, the date of payment, in the sum of $470.73. Motion of appellee was sustained and the district court decreed that she have and recover the sum of $470.73 as interest on said judgment and that the same be paid by the receiver as a trust fund out of any assets of the Citizens State Bank of Superior, Nebraska, and prior to the claims of depositors. The receiver excepted to this decree and leave was granted to appeal to this court.

The errors relied upon for reversal are: (1) The decree is contrary to law; and (2) the decree is inequitable.

Appellant contends that the allowance of a claim for a trust fund is not a decree and judgment for the payment of money, but that it is a judgment for the recovery of property, and as such not within the statute imposing interest upon decrees and judgments, for the payment of money; and that if such interest is allowable it is not payable in full from the assets of the bank in preference over the claims of depositors and creditors. Appellant relies upon the case of *Gering v. Buerstetta,* 118 Neb. 54, and many well-reasoned cases from other jurisdictions. After a careful study of the cases cited, this court believes that they are distinguishable from the present case and not controlling because of our statute and the former holdings of this court. In the case of *Gering v. Buerstetta, supra,* the court passed only upon the question of whether interest was recoverable in that particular case up to the

date of the judgment, and not thereafter. In paragraph 2 of the syllabus the court said: "Under the facts in this case, claimants are not entitled to interest on and after December 14, 1926." In the opinion the court said: "The judgment that was entered in the district court allowed claimants the recovery of interest at 7 per cent. per annum from December 13, 1926. This was error. Claimants are not entitled to interest under the facts in this case in this proceeding."

In other Nebraska cases, *Capital Nat. Bank v. Coldwater Nat. Bank,* 49 Neb. 786, *Capital Nat. Bank v. Genesee Fruit Co.,* 49 Neb. 793, *Capital Nat. Bank v. Cupples Woodenware Co.,* 49 Neb. 794, *Capital Nat. Bank v. Magoon,* 49 Neb. 795, *Capital Nat. Bank v. First Nat. Bank of Cadiz,* 49 Neb. 795, and *Higgins v. Hayden,* 53 Neb. 61, this court permitted the recovery of interest upon a trust fund with respect to which the bank had but a single duty to perform, that is, to deliver it to the party thereto entitled, up to the date of the judgment. In *Capital Nat. Bank v. Coldwater Nat. Bank, supra,* this court said: "The judgment of the district court required the payment of interest on the sum which the receiver was thereby adjudged to pay to the defendant in error. It is argued that as its claim is for specific moneys deposited, the relief must be limited to that sum, and that therefore no interest was allowable. It is probably true that this result would follow in the absence of a controlling statute, but this we need not consider, for it is provided in chapter 44 of the Compiled Statutes (Comp. St. 1929, sec. 45-104) that interest shall be at the rate of seven dollars for each one hundred dollars, annually, 'on money received to the use of another and retained without the owner's consent, express or implied.' The rate of interest fixed by the district court was conformable to this legislative enactment and was, therefore, proper."

In *Higgins v. Hayden, supra,* this court said: "Finally it is contended that the district court erred in allowing interest under the circumstances. In the absence of

statute this contention would have much force, but the point has heretofore been determined adversely to the defendant upon a construction of our statute. Comp. St. ch. 44, sec. 4; *Capital Nat. Bank v. Coldwater Nat. Bank,* 49 Neb. 786."

This court has never directly passed upon the question whether a trust fund established by the district court is a decree and judgment for the payment of money coming within the provisions of section 45-103, Comp. St. 1929, which reads: "Interest on all decrees and judgments for the payment of money shall be from the date of the rendition thereof at the rate of seven dollars upon each one hundred dollars annually until the same shall be paid." However, there are Nebraska cases indicating that the establishment of a trust fund was in the nature of a judgment coming within the provisions of the last above section. Appellee cites and relies upon the cases of *State v. Farmers State Bank,* 113 Neb. 679, and *State v. Nebraska State Bank,* 118 Neb. 660. These actions were to establish claims against the guaranty fund. In *State v. Nebraska State Bank, supra,* this court said:

"One further question remains to be considered, viz.: Is the depositors' guaranty fund chargeable with interest on the claim at 7 per cent. from the date of its allowance by the district court? In several cases we have held that the allowance of the claim amounted to a judgment and came under the general provision of the statute that judgments shall draw interest at 7 per cent. It is contended by counsel for receiver that these decisions were rendered at a time when the guaranty fund was solvent and able to pay all claims certified to it under the law, but that at the time of the trial there were approximately $7,000,-000 in claims certified for payment and unpaid because there were no funds in the depositors' guaranty fund to pay the same; and, further, that the maximum assessment authorized by law at that time in any one year was $1,-650,000. Evidence of these facts appears of record. Attention is also called to the fact that by section 8028,

Comp. St. 1922; as amended by section 26, ch. 191, Laws 1923, the maximum assessment for replenishing the fund is one-half of 1 per cent. of the average daily deposits of banks, whereas prior thereto the assessment permitted was 1 per cent. of the average daily deposits. It is therefrom argued that, inasmuch as the delay in payment of the deposits is attributable to the law itself, no interest should be allowed.

"The argument *ab inconvenienti* is of considerable force and its rejection results in leaving the guaranty fund charged with a burden of staggering weight, but we would not be justified in relieving it unless in accordance with legal principles applicable to the facts of the case. As above noted, we have held in a number of cases that upon the allowance of the claim it draws interest at 7 per cent. per annum until paid. Among these cases may be cited: *State v. Farmers State Bank,* 113 Neb. 679, *State v. Octavia State Bank,* 116 Neb. 825, and three cases of *State v. Security State Bank,* 116 Neb. 521, 526, and 530, in which claims were allowed 'with interest as provided by law.' The question now presented was not discussed in any of those cases, but the principle upon which the holdings are based is that the allowance of the claim is in the nature of a judgment and is therefore within the operation of section 2836, Comp. St. 1922, providing that judgments shall bear interest at 7 per cent. unless a greater rate is provided for in the contract upon which it is based."

In the case of *Trompen v. Hammond,* 61 Neb. 446, citing this statute, this court said: "This section, it seems to us, admits of but one construction. It provides, in terms too plain to be misunderstood, that all judgments and decrees for the payment of money shall bear interest from the date of rendition to the date of payment." Likewise, in *Stuart v. Burcham,* 62 Neb. 84, this court said: "A defendant in a suit to which all the claimants of a fund in his hands are parties, who, being ordered by the decree to pay the fund into court, excepts to such decree and participates in an appeal therefrom by one of the

claimants, cannot be heard to claim, after affirmance of the decree, that he was a mere stakeholder and therefore is not chargeable with interest."

In Johnson v. Farmers Bank, 223 Mo. App. 513, a recent Missouri case similar to the case at bar and involving the same questions, the court said: "Under Revised Statutes 1919, section 6493, providing for interest on all money due on a judgment or order, judgment for amount of preferred claim against bank in liquidation under sections 11673-11726, properly provided for interest from date of its rendition." In the opinion the court said: "Contention is made that the court erred in allowing interest on the judgment from the date of its rendition. It is argued that the scheme for administration of insolvent banks is provided by article 1, chapter 108, of the Revised Statutes of Missouri 1919, and contemplates an equitable distribution of the assets of insolvent banks among all of the creditors, and as no provision is made for the allowance of interest, the court erred in allowing it. No authority is cited in support of this contention. Section 6493 of the General Statutes of Missouri 1919, provides that interest shall be allowed on all money due upon any judgment or order of any court, from the day of rendering the same until satisfaction be made by payment, accord or sale of property. This statute is general in its application to all judgments or orders of any court. We see no reason why it would not apply to the judgment rendered in this case, especially so, in the absence of any prohibition in the statutes which govern the liquidation of insolvent banks."

It has been said in other jurisdictions: "Interest is recoverable on judgments rendered against persons in their fiduciary capacities, and affecting the funds in their hands, as upon other judgments; and any proper order or decree of court requiring a fiduciary to make payment of funds in his hands is generally considered a judgment under statutes providing for interest to be recovered thereon." 33 C. J. 215, and cases cited.

This court has indicated and by the great weight of authorities it seems impossible to separate the judgment and interest accruing thereon. Such interest is a part of the judgment itself for which execution may issue upon request. In *State v. Nebraska State Bank, supra,* it is well said: "Interest accruing upon a bank deposit is a mere incident to the principal sum and a part of it, within the meaning of the bank guaranty act." In *Stuart v. Burcham, supra,* in the opinion, at page 87, this court said: "The three orders are in entire harmony; one directing the money to be held till further order, the next, furnishing such further order by directing it to be paid in; the next, granting an execution for the interest from the date at which he should have paid in, pursuant to the statute fixing interest on judgments." In *Calloway v. Doty,* 108 Neb. 319, 325, this court said: "When, therefore, the plaintiff applied to the clerk of the court for an execution for the unpaid balance due upon the judgment, it was not only proper for the clerk, but it was his duty, to ascertain from the record what rate of interest the amount of judgment bore and issue an execution accordingly." In *Evans v. Fisher,* 26 Mo. App. 541, under a statute substantially the same as ours, it was said: "The rate of interest which a judgment shall bear is a quality which the statute ascribes to the judgment, and it is not a necessary part of the judgment entry; and where it is not shown by the judgment entry, it is the duty of the clerk to ascertain from the record the interest which the judgment shall bear, and to issue execution accordingly; and where he refuses to perform his duty, the circuit court can direct him to do so on motion, or the defendant can compel him to do so by mandamus." See *State v. Vogel,* 14 Mo. App. 187. It has been said in other jurisdictions: "Where a statute states that judgments are to carry interest, such will be implied though the particular judgment was silent on the point. Even where, by agreement, execution is to be delayed, the judgment will bear interest, and it has always been held that the interest as an incident to a judgment

may be collected as long as the execution remains unsatisfied notwithstanding the payment of the amount of judgment." 15 R. C. L. 15, sec. 12, and cases cited. "At the present time, by force of statute in most jurisdictions, interest on judgments as a matter of right is allowed, and may be collected on execution. It has been said that interest is as distinctly a substantive part of the debt as if the obligation to pay was founded upon a contract for interest." 33 C. J. 213, and cases cited.

In the absence of any prohibition in the statutes governing the liquidation of insolvent banks, the allowance of a trust fund is a decree in the nature of a judgment for the payment of money and, therefore, within the provisions of section 45-103, Comp. St. 1929, and bears interest at the rate of 7 per cent. from the date of judgment until paid, and such accrued interest is a part of the judgment and payable in full from the assets of the bank in preference over the claims of depositors and creditors.

The judgment of the district court is

AFFIRMED.