STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V. FIRST STATE BANK OF PAWNEE CITY, APPELLANT: D. W. OSBORN, GUARDIAN, APPELLEE.

FILED MAY 5, 1933. No. 28345.

*F. C. Radke, Barlow Nye* and *G. E. Price,* for appellant.

*Dort & Witte* and *Eric D. Naslund, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DEAN, J.

This is an appeal by the receiver of the First State Bank of Pawnee City from a judgment of the district court for Pawnee county allowing the sum of $871.70, as accrued interest on a judgment rendered against the bank in favor of D. W. Osborn, intervener and guardian of Frank M. Tannyhill, an incompetent person, and declaring such sum to be a superior lien entitled to priority as against the claims of other creditors of the bank.

The record discloses that, on or about November 17, 1927, the above bank was adjudged insolvent and a re-

ceiver was appointed to take charge of its affairs. On March 7, 1928, the district court allowed the claim of the intervener in the sum of $9.90 for money in the checking account of Frank M. Tannyhill, and $8,972.57 for money in a savings account, together with interest in the sum of $119.07, or a total sum of $9,101.54, which was adjudged to be a lien as against the assets of the failed bank.

On February 27, 1930, the court, upon 'a petition of intervention filed by the guardian, found that the above funds were not government funds, as contended by the intervener, and were not entitled to any priority over claims of other depositors and dismissed the petition. Upon appeal to this court, however, the judgment was reversed and the cause remanded, with directions that an order be entered finding that the funds in question were government funds and entitled to priority over other claims. *State v. First State Bank,* 121 Neb. 515.

It was stipulated between the parties that the sum of $9,101.54, allowed by the court against the assets of the bank, with the exception of $500, was money derived from the United States government and payable to Frank M. Tannyhill as insurance and compensation money; that on April 28, 1928, a 10 per cent. dividend in the sum of $860.15 was paid to the guardian by the receiver; and that on August 13, 1930, a 5 per cent. dividend in the sum of $430.08 was paid to him.

The intervener contends that the allowance by the district court, under date of March 7, 1928, of the claim in question here was in fact a judgment against the failed bank upon which he is entitled to interest at the rate of 7 per cent. per annum from March 7, 1928, until paid, and that such interest constitutes a prior and superior lien against the assets of the bank. The court allowed the intervener interest on the sum of $7,741.39 from February 27, 1930, that being the date when his petition was dismissed, or the sum of $871.70. As above noted, the receiver has appealed from such finding of the court.

The court, however, refused to allow the intervener interest on the funds from March 7, 1928, the date when his claim was originally allowed in the district court, to February 27, 1930, when his petition was dismissed, and the intervener has filed a cross-appeal excepting to that part of the judgment.

Two issues appear to be presented for determination in the brief of the receiver, namely, (1) whether the intervener is entitled to interest on the funds in suit, and (2) if he is so entitled thereto, from what funds such interest shall be paid.

In a recent decision this court, in *Hall v. Citizens State Bank,* 122 Neb. 636, held: "An order of court establishing a trust fund in a sum certain, entitled to priority of payment from the assets of a failed bank before the claims of depositors and creditors are paid, bears interest at 7 per cent. from the date of the decree until paid. Comp. St. 1929, sec. 45-103." We also held therein: "The interest thus accrued is payable in full from the assets of the bank in preference over the claims of depositors and creditors."

These rulings were announced after a full consideration of the important questions presented. In the case at bar the same questions were reargued at great length and reexamined by the entire membership of the court in the light of exhaustive briefs. There are contrary decisions in other jurisdictions, but our own precedent is abundantly sustained by reason and authority, as shown in the opinion in *Hall v. Citizens State Bank, supra.* Different rules cannot be adopted in Nebraska without departing from the statute which declares that judgments shall bear interest at the rate of 7 per cent. per annum from date until paid. The change of position demanded by appellant would also require us to disregard the line of cases holding that the allowance of a claim for a trust fund payable in full out of assets in the hands of a receiver of an insolvent state bank is in effect a judgment for the payment of money. We adhere to the former

rulings on the questions now at issue and this conclusion necessarily results in the affirmance of the judgment from which the appeal herein is taken.

AFFIRMED.