MASSACHUSETTS BONDING & INSURANCE COMPANY, APPELLEE, V. JAMES J. STEELE, APPELLANT.

FILED MAY 24, 1933. No. 28551.

*Harry E. Siman*, for appellant.

*Davis, Hendrickson & Davis* and *Kennedy, Holland & De Lacy*, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and MESSMORE, District Judge.

GOOD, J.

Plaintiff, as surety on the official bond of defendant, as county treasurer of Wayne county, paid to the county money due it from defendant in his official capacity.

Plaintiff brings this action to recover the balance necessary to fully reimburse it for the money so paid. Plaintiff had judgment, and defendant has appealed.

The Citizens National Bank of Wayne had been duly designated as a depository of county funds and, as such depository, gave bond to the county in the amount of $30,000. Defendant, as county treasurer, deposited county funds in the bank to the amount of $67,758.67. In June, 1926, the bank became insolvent and closed its doors. The sureties on the bank's depository bond paid to the county $30,000, and plaintiff, as surety on defendant's official bond, paid to the county $37,758.67. Thereafter, Wayne county and defendant, as treasurer, joined in an assignment whereby they assigned to plaintiff the claim of the county against the insolvent bank, with the right to collect whatever dividends were paid on the company's claim in the course of the bank's liquidation. The dividends received by plaintiff from the liquidation of the assets of the insolvent bank amounted to $33,982.80, which was insufficient to fully reimburse plaintiff, and it brings this action to recover $3,775.87, the amount necessary to fully reimburse it.

Defendant in his answer alleges that he was not legally liable to the county for the deposit in excess of the depository bond, and that the payment by plaintiff was voluntary; and further pleads that the county commissioners had designated only banks in Wayne county as depositories, and that the combined capital and surplus of those banks fixed the amount for which they could become legal depositories, which was much less than the amount of county funds in the hands of defendant, as county treasurer; that he had brought this fact to the attention of the county commissioners, and had requested them to designate other banks outside of the county as depositories; that they had failed and neglected so to do, and that, by reason of these facts, it was necessary for him to deposit county funds either in banks not designated as depositories, or in depository banks in amounts in excess of the

depository bond; that, because of this necessity, he was relieved from liability. He further alleges that plaintiff's action was barred by the statute of limitations.

Defendant relies upon the provisions of section 77-2506, Comp. St. 1929. Said section provides in part: "That county treasurer of each and every county in the state of Nebraska shall deposit, and at all times keep on deposit for safe-keeping in the state, national or private banks doing business in the county, and of approved and responsible standing, the amount of moneys in his hands collected and held by him as such county treasurer. * * * Any such bank located in the county may apply for the privilege of keeping such moneys upon the following conditions: * * * It shall be the duty of the county board to act on such application or applications of any and all banks, state, national or private, as may ask for the privilege of becoming the depository of such moneys, as well as to approve the bonds of those selected incident to such relation, and the county treasurer shall not deposit such money or any part thereof in any bank or banks other than such as may have been so selected by the county board for such purposes, if any such bank or banks have been so selected by the county board."

Section 77-2508, Comp. St. 1929, *inter alia*, provides: "For the security of the funds so deposited under the provisions of this article the county treasurer shall require all such depositories to give bonds for the safe-keeping and payment of such deposits * * *. The treasurer shall not have on deposit in any bank at any time more than the maximum amount of the bond given by said bank in cases where the bank gives a guaranty bond, nor in any bank giving a personal bond more than one-half of the amount of the bond of such bank, and the amount so on deposit at any time with any such bank shall not in either case exceed fifty per cent. of the paid-up capital stock and surplus of such bank." It is further provided in said section that, if the county funds are in excess of the amount that could be legally deposited, under the foregoing provisions,

in the banks of the county, the county board might select depositories without the county.

Evidently, the provisions of sections 77-2506 and 77-2508, Comp. St. 1929, .must be construed together and harmonized, if possible. We think, in so doing, it is clear that the county treasurer is required to deposit county funds in properly designated banks, but in no event can he exceed the amount as limited by section 77-2508.

In the case of *Shambaugh v. City Bank of Elm Creek*, 118 Neb. 817, it was held: "A county treasurer's sole authority for the deposit of public moneys in banks is to be found in sections 6191-6196, Comp. St. 1922 (now, appearing as sections 77-2506 *et seq.*, Comp. St. 1929), and the directions, limitations and public policy evidenced thereby must be complied with by such officer and all who deal with him with reference to such public funds."

We think, clearly, that under the statutes quoted and previous decisions of this court, the county treasurer was not authorized to deposit county funds in any bank except when it had been duly designated as a depository, and had given bond as such, and only to the amount and extent provided by statute.

Defendant cites and relies upon the holding of this court in *State v. Peoples State Bank*, 111 Neb. 126, wherein it was held: "Where a county treasurer, in violation of section 6193, Comp. St. 1922, deposits county funds in a state bank, in excess of 50 per cent. of the capital stock of such bank, the depositors' guaranty fund is not liable for such excess." However, on rehearing of that case, reported in 111 Neb. 136, the first opinion was vacated, and the court held that a deposit of county funds in excess of 50 per cent. of the paid-up capital stock and surplus of the bank was within the protection of the depositors' guaranty fund. Any expressions in the vacated opinion have no force as a precedent.

Defendant cites and relies upon the case of *Beadle County v. Lloyd*, 238 N. W. (S. Dak.) 133, wherein it was held: "County treasurer and her sureties *held* ac-

countable for loss sustained by reason of deposits in excess of statutory limit in failed banks of county, in absence of showing of necessity therefor." We find nothing in the opinion in that case that would indicate what facts would amount to a necessity; nor, under the circumstances disclosed by the record in the instant case, are we called upon to determine whether or not any necessity could arise which would excuse a county treasurer from liability for making deposit of county funds in a depository bank in excess of the depository bond. In the instant case there is no showing that the county treasurer's office was not equipped with a fire-proof vault and burglar-proof safe, nor any showing that he could not readily have had access to some safe deposit vault and box in a nearby bank or safe deposit company, wherein he could have placed any surplus funds with reasonable security. Moreover, if defendant found the burdens, responsibilities and liabilities of his office greater than he was willing to assume and carry, he could have had recourse to a letter of resignation, directed to the proper officers, and could have thus relieved himself of liability.

Under the facts and circumstances disclosed by the record, defendant, as county treasurer, was liable to the county for any loss occasioned by deposits in the Citizens National Bank, in excess of the bank's depository bond, and plaintiff, as surety on defendant's official bond, was likewise liable to the county. In making payment to the county, it was fulfilling a contract obligation, and not making a voluntary payment.

When plaintiff made payment to the county and took an assignment from the county and the defendant treasurer of the county's claim against the insolvent bank, it stepped into the shoes of the county and the treasurer. The dividends paid to plaintiff by the receiver of the insolvent bank were paid at the instance and direction of defendant, and had the same force and effect as though the payment had been made by defendant.

The action was brought long before the expiration of

the statutory limitation after the last dividend was received. Running of the statute of limitations on a contract obligation will be arrested by any voluntary partial payment thereon, made or authorized by the debtor. It is clear that the action was not barred by the statute of limitations.

From an examination of the record, we are convinced that the judgment of the district court is right, and it is

AFFIRMED.