STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V.
PLATEAU STATE BANK, E. H. LUIKART, RECEIVER,
APPELLANT: VILLAGE OF HERMAN, INTERVENER,
APPELLEE.

FILED MARCH 16, 1934. No. 28809.

*F. C. Radke, Barlow Nye, G. E. Price* and *O'Hanlon &
O'Hanlon,* for appellant.

*Brogan, Ellick & Van Dusen, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and
PAINE, JJ., and BEGLEY, District Judge.

BEGLEY, District Judge.

The Plateau State Bank of Herman, Nebraska, became
insolvent and was closed on February 22, 1932. The vice-
president and managing officer of said bank, Earl C.
Burdic, was also the village clerk of the village of Herman.
At the time said bank was closed the treasurer of the vil-
lage of Herman had on deposit with said bank certain
funds of said village to the amount of $4,713.73. Said
money was deposited with said bank without the bank

having complied with the provisions of section 17-515, Comp. St. 1929, as amended by chapter 33, Laws 1931, by giving a bond as therein required, and without having any action taken by the village council in designating said bank as a depository of such money. After the closing of said bank the village of Herman brought an action to establish a preferred and prior claim in its favor by reason of said deposit having been made by the treasurer of the village of Herman, and upon a trial the court found that the village of· Herman was entitled to a preferred claim in the sum of $4,859.49 with interest at 7 per cent. per annum from September 21, 1932, the date of the order. From this order of the district court the receiver has appealed.

The receiver first claims error in the finding that said funds were trust funds and entitled to priority. Particularly does he claim error in holding that certain district paving funds held by the village of Herman as trustee for the Herman paving district and deposited in said state bank were held to be trust funds.

It is undisputed that the bank at all times knew that the funds deposited were village funds, not only from the title of the accounts as carried on the books of the bank, but also because the vice-president and managing officer had such knowledge as city clerk. The bank therefore was charged with the knowledge that it was holding the moneys of the village, not as a depository of such funds, but solely as custodian thereof for the benefit of the village, and that consequently the relation of the ordinary depositor to the bank did not arise.

Neither the bank nor the village complied with the provisions of said section 17-515, which provides that it is the duty of such banks as desire to be designated as depositories to apply for such privilege upon certain conditions, and it shall then be the duty of the city council or board of trustees to act on such application, and all banks as may ask for such privilege shall give a bond in such sum as shall be the maximum amount on deposit at any

one time, and the council shall approve such bond, and the city or village treasurer shall not deposit such moneys or any part thereof in any bank or banks other than such as have been so selected by the city council or board of trustees for such purposes. This being a positive law and the city treasurer and the bank having failed to comply with the same, the deposit constituted a trust fund for the benefit of the village, and it would make no difference from what source the money was received by the treasurer so long as it was deposited by him as custodian of the city funds. *State v. Midland State Bank,* 52 Neb. 1; *Nebraska State Bank v. School District,* 122 Neb. 483; *Massachusetts Bonding & Ins. Co. v. Steele,* 125 Neb. 7; *State v. Bank of Otoe,* 125 Neb. 383.

The appellant also contends that the village, by acquiescing in the deposit of the village funds and remaining silent while the transaction continued, is estopped now to assert that same were not legally deposited in said bank. This defense was not pleaded and there is no showing that any one relied to its disadvantage upon any acquiescence or silence on the part of the village trustees; and further the public is not estopped by the unauthorized acts of its officials. In this case there was a positive law prohibiting the village treasurer from depositing village funds in the plaintiff bank. The public had a right to assume that the officers would obey the law and are not bound by any illegal acts upon their part. 21 C. J. 1191.

Finally, the appellant contends that the court had no authority to allow interest on the judgment. This court has already decided that the appellee is entitled to interest from the date of the judgment. *State v. First State Bank,* 124 Neb. 786; *Capital Nat. Bank v. Coldwater Nat. Bank,* 49 Neb. 786; Comp. St. 1929, sec. 45-104.

The judgment of the district court is correct and is therefore

AFFIRMED.